STATE OF CONNECTICUT *v.* THEODORE L. BROWN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 6-61302

Argued November 27—decided December 22, 1967

*Joseph M. Shortall,* of New Haven, for the appellant (defendant).

*Paul M. Foti,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J.   On June 30, 1967, the defendant pleaded guilty to the charge of operating a motor vehicle while under the influence of liquor in violation of § 14-227a (a) of the General Statutes. At the time of plea, the defendant was represented by counsel, who requested a continuance of the court for disposition, since his client was not able to pay a fine on that date. The court granted a continuance until July 21, 1967. On July 21, 1967, the defendant

requested a further continuance, which was denied, and a minimum fine of $100 was imposed. Prior to sentencing, counsel for the defendant, in asking for a further continuance, fully represented to the court the age and financial status of the defendant. On that date, the defendant filed a notice of intention to appeal, and an appeal bond of $500 was set. The defendant was committed to jail until July 25, 1967, when he filed his appeal bond. On July 24, 1967, the defendant filed a "Motion to Open Judgment and to remit fine, modify sentence, or suspend execution or imposition of sentence," which motion was denied August 8, 1967. It is from the denial of this motion that the defendant appeals.

The sole questions on this appeal are whether the trial court abused its discretion in denying the motion, in view of the financial inability of the defendant to pay the fine imposed, and whether in so doing the court denied the defendant due process and equal protection of the law in violation of the fourteenth amendment to the United States constitution and article first, §§ 8 and 20, of the Connecticut constitution.

The defendant does not question the constitutionality of General Statutes §§ 18-50[1] and 18-63[2] but rather maintains that on imposing a fine the court must weigh the ability of the defendant to pay, and if he is found indigent no fine should be imposed, and further that if the statute carries an alternative of a jail sentence, no jail sentence should be imposed since it would burden the state with the support of the person jailed as well as with the possible support of his family. The defendant suggests that

[1] Section 18-50 provides for the amount of credit a person shall receive toward his fine for each day of his confinement.

[2] "Sec. 18-63. COMMITMENT FOR FAILURE TO PAY FINE. Upon any conviction for a crime, if the convict fails to pay any fine lawfully imposed, he shall be committed to jail until such fine is paid."

if a fine were imposed it should be remitted, or in lieu of a fine a suspended jail sentence should be imposed. In either event the defendant, in essence, would go free, without any punishment for operating while under the influence of liquor on our highways, one of the crimes which is daily costing the lives of innocent citizens. There is nothing in the record to indicate that the trial court did not consider arguments of counsel as to the financial condition of the defendant; on the contrary the record is clear that the court granted the defendant three weeks for disposition of the case and on sentencing imposed the minimum fine under the statute.

In the instant case, we fail to see that the defendant has been deprived of either due process or equal protection of the law. The defendant was represented by counsel in all stages of his case and has filed an appeal bond. There is nothing in the record which could serve as a foundation for a claim that there was a violation of any constitutional rights of the defendant. The case of *Griffin* v. *Illinois,* 351 U.S. 12, and subsequent cases of the Supreme Court of the United States outlining the rights of an indigent person in the course of trial and appeal have no bearing on the instant case.

The sentence in a criminal case, if within the limits fixed by statute for the crime charged, will not be disturbed on appeal unless there was an abuse of discretion. *State* v. *LaPorta,* 140 Conn. 610, 612. After the conviction, by trial or plea of guilty, the issue is not the guilt of the offender but, within the limits fixed by statute, the appropriate penalty to fit him as well as the crime. *State* v. *Harmon,* 147 Conn. 125, 128. Where the penalty imposed is within the limits fixed by statute, a contention on appeal that it is unjust is simply an appeal for clemency to a court which has no discre-

tionary jurisdiction in the matter. *State* v. *Mendill,* 141 Conn. 360, 363; *State* v. *Horton,* 132 Conn. 276, 278; *State* v. *Chuchelow,* 128 Conn. 323, 324. The sentence imposed was within the limits fixed by statute for the offense charged, and it does not appear that there was any abuse of discretion. The defendant's plea of guilty was the free and understanding expression of his wishes. This was ample reason to deny the motion to open the judgment. *State* v. *LaPorta,* supra.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.

