**Charles QUETAWKI, individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**Lawrence PRENTICE, Commissioner, New Mexico Department of Motor Vehicles, Defendant.**

**Civ. No. 7563.**

United States District Court
D. New Mexico.

June 3, 1968.

Lewis G. Stewart, Jr., Zuni Legal Aid, Zuni, N. M., for plaintiff.

Boston Witt, Atty. Gen., State of N. M., James V. Noble, Asst. Atty. Gen., Santa Fe, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

The present action was filed by the plaintiff in behalf of himself and a class of persons similarly situated. The action seeks a three-judge court determi-

nation that the New Mexico Financial Responsibility Act, N.M.Stat.Ann. §§ 64-24-1-4 and 64-24-42-104 (1953) (Supp. 1967), is unconstitutional, insofar as it provides for suspension of the driver's license and automobile license plates without a hearing where the motorist whose privileges are being suspended has been involved in an accident, is uninsured, and is unable to post security for possible damages. Specifically, the attack is aimed at the Act's alleged failure to meet the requirements of due process by not providing for a hearing to determine fault prior to the suspension of driving privileges.

A temporary restraining order, aimed at restraining state officials from suspending plaintiff's driving privileges until the three-judge court has determined the constitutional issue presented, is sought, as well as an injunction forbidding further enforcement of the Act's provisions by state officials.

The defendant has moved to dismiss the complaint upon the ground that no substantial federal constitutional question is presented. This determination must be made by this Court prior to requesting the convening of a three-judge court.

The Court has considered the briefs filed by both counsel and the oral argument presented at the hearing in this matter and, for the reasons discussed below, has concluded that the defendant's position is well taken and that a three-judge court need not be convened.

In support of his contention that the issue is substantial and requires a three-judge court determination, the plaintiff relies primarily upon those cases which hold that government benefits may not be terminated without a hearing consonant with due process. The reasoning of these cases does not appear to be applicable to the present case, and none of the plaintiff's authorities deals with the kind of statute he seeks to attack here.

Conversely, there is authority for the defendant's assertion that the state's Financial Responsibility Act is a legitimate exercise of its police power that does no violence to due process. The exact issue here presented has been decided adversely to plaintiff by a variety of state supreme courts. Anno., 35 A.L.R.2d 1011 (1954). More importantly, Reitz v. Mealey, 314 U.S. 33, 62 S. Ct. 24, 86 L.Ed. 21 (1941), and Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), both dealt with the issue of whether a state's financial responsibility law violated due process, and both cases held that it did not.

The statutes involved in *Reitz* and *Ex Parte Poresky, supra,* flank, or fall at either end of, the statute here under attack. Nevertheless, the decisions in those cases, and the reasoning supporting them, furnish more than sufficient guidance to determine whether a substantial federal constitutional issue exists in the present case.

In Ex Parte Poresky, a statute requiring that either a bond or cash in the amount of $5,000.00 be posted or insurance be procured before the Petitioner could register and get number plates for his car was attacked as unconstitutional. The district judge below dismissed the complaint without convening a three-judge court. In affirming his dismissal, the Supreme Court said his initial determination that the question lacked the necessary substance was clearly correct, "in view of the decisions of this Court bearing upon the constitutional authority of the State, acting in the interest of public safety, to enact the statute assailed." Ex Parte Poresky, *supra* at 32, 54 S.Ct. at 5. Thus, a statute more rigid than New Mexico's, in that it required evidence of financial responsibility before driving privileges would be granted, has been held to be consonant with due process.

Reitz v. Mealey, *supra,* involved a statute requiring suspension of the license of an uninsured motorist involved in an accident and against whom a judgment for personal injuries had been returned, such suspension to remain in force until he furnished proof of his ability to respond for future damages and until

739

the judgment was satisfied or the creditor's consent given to reinstatement of the license. The Court held that the statute's provisions requiring suspension until proof of financial responsibility was made and the judgment paid were not obnoxious to due process. In so holding, the Court said that any appropriate means used to insure the licensee's competence and care and to protect others was consonant with due process. Reitz v. Mealey, *supra*, 314 U.S. at 36, 62 S.Ct. 24.

Because fault was established before suspension, the statute in *Reitz* is different from New Mexico's. Nevertheless, the reasoning of *Reitz* remains applicable to the present case, particularly when it is considered in conjunction with *Poresky*.

It should be noted that N.M.Stat.Ann. § 64–24–44 (1953), does provide for judicial review subsequent to suspension, and §§ 64–24–51–55 provide for reinstatement following a release from liability, an adjudication of nonliability, an agreement for payment of damages, or payment upon judgment.

Thus, while the New Mexico statute more closely approaches the compulsory insurance statute involved in *Poresky*, in that fault is not considered in suspending a license, or, as in *Poresky*, in granting one, the provision of the New Mexico statute regarding proof of financial responsibility is similar to that involved in *Reitz*. The two cases encompass the New Mexico statute and together are dispositive of the challenge to its constitutionality.

■■ The Supreme Court has made it clear that the state has a legitimate interest in protecting the users of its highway by placing reasonable restrictions upon the driving privilege. The concept of requiring proof of financial responsibility from licensees is clearly constitutional. If it can be required without a hearing before a license is granted, it can be required without a hearing to avoid suspension following an accident. The judicial review provided

is adequate to assure compliance with the Act by the administrative officials.

■ Failing to find the existence of a substantial federal constitutional issue requiring the convening of a three-judge court, it is the conclusion of the Court that the complaint should be dismissed.