Antonio R. GAYTAN et al.

v.

Clifton W. CASSIDY, Jr., et al.

Civ. A. No. SA69CA153.

United States District Court,
W. D. Texas,
San Antonio Division.

Sept. 21, 1970.

Harry B. Adams, III, Melvin N. Eichelbaum, San Antonio, Tex., for plaintiffs.

Crawford C. Martin, Atty. Gen., Jay O. Floyd, Asst. Atty. Gen., Austin, Tex., for defendants.

Before INGRAHAM, Circuit Judge, and SPEARS and ROBERTS, District Judges.

## MEMORANDUM OPINION

### PER CURIAM:

Plaintiff in this class action was involved in an automobile collision in Bexar County, Texas, on or about the 1st day of January, 1968, as a result of which he became subject to the provisions of Article 6701h, Vernon's Annotated Texas Civil Statutes, known as the Texas Safety Responsibility Act. On or about May 7, 1968, plaintiff received a "notice of suspension" from the defendants (officials charged with the responsibility of administering the Act), in which it was stated that he must either submit evidence to the Texas Department of Public Safety showing that motor vehicle liability insurance was in effect at the time of the accident; or secure a release from the other parties affected in the accident; or furnish security as required by Article III of the Act. Having failed to comply with one of the conditions stated in the notice, plaintiff's Texas Operator License and automobile registration were suspended. This three-judge court was convened, upon application of the plaintiff who contended that he and the class represented by him were entitled to injunctive and declaratory relief pursuant to the provisions of 42 U.S.C. Section 1983, 28 U.S.C. Sections 2201 and 2202, 28 U.S.C. Sections 1343(3) (4), 2281, and 2284, and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff further contended that he was entitled to redressment of rights, privileges and immunities guaranteed and secured by the Due Process clause and Equal Protection clause of the Fourteenth Amendment to the Constitution of the United States and Article 1, Section 19, Constitution of the State of Texas, Vernon's Ann.St.

This court, having fully considered the pleadings, motions, evidence, briefs, stipulations, pretrial order, and arguments of counsel, is of the opinion and so finds that the defendants' alternative motion for judgment on the pleadings, herein treated as a motion for summary judgment, should be and the same is hereby granted.

■■ The thrust of plaintiff's position is that he had no administrative or judicial remedy which would adequately protect his rights under the Due Process and Equal Protection clauses of the Constitution of the United States. Specifically, it is argued that plaintiff was never given notice of any administrative hearing but that, in any event, neither the administrative agency nor the Court to which an appeal may be taken pursuant to the Safety Responsibility Law (Article 6701h, Vernon's Annotated Texas Statutes) is permitted to inquire

whether there was a reasonable possibility that plaintiffs were at fault.

As was said by the Court in Perez et al. v. Tynan, 307 F.Supp. 1235 (D.Conn. March 26, 1969):

"The plaintiffs claim, however, that the present law is arbitrary and capricious because it does not relate to the attainment of the public policy sought to be corrected. Their rationale is that while it may be proper for the state to impose statutory restrictions and requirements on operators who have demonstrated irresponsibility or lack of ability in driving, mere involvement in an accident without fault or liability, is not a rational basis on which to require proof of financial responsibility; thus they contend their rights to due process have been denied. It is also represented that the law is not designed to afford protection for the safety of the general public, because the thrust of the Act in no way excludes from the highways, the reckless or careless drivers. The Act simply requires proof of liability insurance at the time of the accident or the posting of an adequate security bond. Thus it is claimed that since there is no realistic relationship between the protection of the public safety and the procedures afforded under the law, the Financial Responsibility Act violates the due process clause of the 14th Amendment.

"The challenged sections of this law constitute but a small part of the overall body of automobile liability insurance law relating to the administration of license suspensions or revocations. The enforcement provisions generally afford an administrative hearing, either before or after action has been taken against a license. In this situation a hearing is provided, but the matters to be considered and the discretion to be exercised are strictly limited to the amount of security required. This limitation, which excludes the issue of fault or liability, is thus the focal point of the plaintiffs' attack; it is claimed to be a violation of both substantive and procedural due process.

"The plaintiffs have chosen to conceive of the statutory purposes of these laws narrowly. They have limited their perspective to what has been described as the arbitrary action of the state in revoking a license or registration without first holding an administrative hearing on the question of fault or liability. There is an innate repulsion in the heart of every person who thirsts for liberty, not to be deprived of any right or privilege, without first being offered the right to be heard on the issue of culpability.

"There can be no question, but that state legislature has the constitutional right to legislate in this area of the law for the protection of the public to achieve the goals which are inherent under its police powers.

'Financial-responsibility laws are intended to discourage careless driving or to mitigate its consequences by requiring as a condition of licensing or registration the satisfaction of out-standing accident judgments, the posting of security to cover possible liability for a past accident, or the filing of an insurance policy or other proof of ability to respond in damages in the future.' Kesler v. Department of Public Safety, 369 U.S. 153, 158, 82 S.Ct. 807, 811, 7 L.Ed.2d 641 (1962).

"When a license to operate is granted, where individual fitness has been found, a license is issued upon the implied condition that all lawful statutory requirements will be met. The license is received with full knowledge of these laws and the licensee accepts it with the implied understanding that he will conform to them.

"When one rationalizes the overall concept of law enforcement, which the state legislature has adopted in this area, it becomes apparent that it deliberately refrained from compelling every motorist to insure his vehicle or insure his license before driving on

the public highway; but it said to him by implication, that if you don't carry insurance and you become involved in an accident, you will be required to file proof of financial responsibility to satisfy any judgment which might arise out of that accident. This latter requirement expressly excluded a determination of the element of fault, except in several clear cut categories, which have been outlined above. While the thrust of the law does not initially exclude all reckless or careless drivers from the highways, it does encourage every driver as a matter of free choice to acquire voluntarily at least a minimal liability protection, thus guarding against the eventuality of an accident and the resulting discipline of posting the financial security. This rule is applicable to everyone; there is no arbitrary classification or treatment of persons. In limiting the reasons for terminating the operating privilege, the legislature was only required to provide reasonable assurance that the petitioners had offended one of the specified statutory grounds and that its enforcement was not arbitrary or capricious. Smith v. California, 336 F.2d 530, 534 (9th Cir.1964); Wall v. King, *supra*, 206 F.2d 878 at 883, (1st Cir.1953)."

All of plaintiff's contentions were considered and rejected by the Supreme Court of Texas in Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177 (1953), and we are in complete accord with that decision, regardless of whether a license to drive a motor vehicle on the public highways is characterized as a privilege or a property right. In either case, while the licensee is entitled to the protection of the Fourteenth Amendment, he is also subject to reasonable regulations under the police power in the interest of the public safety and welfare.

The principle of compulsory automobile liability insurance has long been recognized as being within the State's inherent regulatory police powers, see Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933), and this may well have been the best approach for the Texas Legislature to take, but, instead, it chose the legislation represented by the present Safety Responsibility Law. Similarly it might well have been wiser legislative policy to have required, when Article 6701h, V.A.T.S. was enacted, that there be at least a showing of a reasonable possibility of liability before suspending an operator's license (see Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963), and Farmer v. Killingsworth, 102 Ariz. 44, 424 P.2d 172 (1967), but this was not done either. So we are limited to a consideration of the particular legislative enactment before us today. Some may consider its terms and conditions unfair and unreasonable, but so long as it does not permit one to exercise the right or privilege while refusing it to another of like qualifications, under like conditions and circumstances, it is not invalid. See Perez v. Tynan, supra, *citing* Hadden v. Aitken, 156 Neb. 215, 55 N.W.2d 620, 624 (1952), and Rosenblum v. Griffin, 89 N.H. 314, 197 A. 701, 704.

It would serve no useful purpose to quote at length from *Gillaspie* and the many other cases in both federal and state courts relating to similar legislation. It is sufficient to say that while there is a split of authority, the prevailing and better view, in our opinion, supports the conclusions that we reach today.

In our judgment no substantial federal constitutional question has been raised for adjudication, and we hold, as did the Supreme Court of Texas in *Gillaspie,* supra, that the plaintiff's claims of unconstitutionality are without merit.