Gilbert **TRUJILLO** and Tino Montoya, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Fernando E. C. **DeBACA**, Commissioner, New Mexico Department of Motor Vehicles and Eloy Tapia, Director of the Financial Responsibility Section of the New Mexico Department of Motor Vehicles, Defendants.

Civ. No. 8382.

United States District Court,
D. New Mexico.

Dec. 23, 1970.

John T. Dunn, Joseph T. Sprague and Richard C. Bosson, of counsel, Albuquerque, N. M., for plaintiffs.

Sidney S. Jaffe, Sp. Asst. Atty. Gen., Santa Fe, N. M., for defendants.

Before SETH, Circuit Judge, and PAYNE and BRATTON, District Judges.

## MEMORANDUM OPINION AND JUDGMENT

BRATTON, District Judge.

A three-judge court has been convened to consider the complaint filed herein by Gilbert Trujillo and Tino Martinez on behalf of themselves and all others similarly situated. The class action seeks to have declared unconstitutional N.M. Stat. Ann. §§ 64–24–45, 64–24–50 (1953) (Suppl.1969), which are provisions of the financial responsibility act applicable to the owners or operators of motor vehicles on the highways of the state of New Mexico, and to have enjoined further enforcement of these provisions.

Defendant state officials subsequently filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted, upon the ground that the law of the case had been established by Quetawki v. Prentice, 303 F. Supp. 737 (D.N.M.1968), and upon the ground that the complaint presented no substantial federal question warranting the convening of a three-judge court.

In lieu of oral argument, counsel for the parties have submitted to the panel exhaustive memoranda on the motion, which will be treated as one for summary judgment. These memoranda, together with subsequent letter memoranda, have been considered by the panel in arriving at its conclusion.

■ The thrust of plaintiffs' attack on the statutes revolves first around the automatic suspension of the license and vehicle registration of any person involved in an accident unless the person furnishes proof of financial responsibility and deposits security with the state's division of motor vehicles. The plaintiffs' specific complaint is that suspension is effected without a prior determination of fault, which summary procedure, they claim, denies them and the class they represent due process of law in violation of the Fourteenth Amendment to the United States Constitution.

The plaintiffs also assault the statutes in question on the ground they are over-broad, in that their purpose of insuring that judgments shall be paid is not rationally related to the requirement that all uninsured drivers, whether or not they are at fault, are included within the statutes' terms and required to post security.

The plaintiffs final argument is that the challenged statutes deny them their licenses in violation of the equal protection clause of the Fourteenth Amendment.

The plaintiffs concede that the state may regulate driver's licenses under its police power and may revoke them by administrative action as well as by judicial action. What the state may not do, they claim, is to revoke such licenses by summary administrative action. Their economic interest in a driver's license, they assert, outweighs any burden that may be imposed on the state by having to establish and finance administrative machinery capable of hearing and determining fault prior to the suspension of licenses.

The plaintiffs rely on Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287 (1970); and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); to support their claim. In *Goldberg*, the Court held that welfare benefits could not be terminated without a prior evidentiary hearing, while its decision in *Sniadach* held violative of the Fourteenth Amendment a state statute allowing the immediate freezing of wages pending an adjudication of the merits of a creditors' garnishment of such wages.

The principle evolved from these cases is asserted to be applicable to what plaintiffs assert in a present case to be

their fundamental right to a determination of fault prior to suspension of a driver's license.

We do not agree that Goldberg v. Kelly, *supra*, and Sniadach v. Family Finance Corp., *supra*, compel a different result. In the present case there is no right so basic to the necessities of life that it, without more, compels the state to establish the administrative machinery necessary to effect what plaintiffs would have us require.

It is our opinion that Quetawki v. Prentice, *supra*, is dispositive of the challenge based upon the procedural due process argument, and the motion for summary judgment is well taken in that regard. See Pollion v. Lewis, 320 F. Supp. 1343 (N.D.Ill.1970) ; Gaytan v. Cassidy, 317 F.Supp. 46 (W.D.Tex.1970). In *Quetawki*, as well as in the other cases cited above, it was held that administrative suspension without a prior determination of fault was consonant with due process requirements, and the plaintiffs herein have advanced no argument requiring a departure from this holding.

Plaintiffs' assertion that the statutes are overbroad in that they include drivers who may be found not to have been at fault is likewise without merit. In actuality, it is nothing more than another aspect of plaintiffs' challenge to the suspension power sans a prior hearing granted under the statutes. Their claim is that, while the state has an interest in protecting citizens from financially irresponsible drivers, legislation designed to effect this purpose must be narrowly drawn in order to protect individual rights. They would resolve this conflict between the state's power and the rights of the individual by legislation which would require a bond only of those drivers at fault.

Thus, plaintiffs' argument comes full circle and is again an attack on the suspension of licenses, where bond is not posted, without a prior hearing on fault.

This Court accepts the view that imposition of the obligation of posting security without regard to fault in an accident is demanded by the realities of litigation and administrative necessity. Pollion v. Lewis, *supra*. To insist on even a tentative determination of fault at the administrative level would not thoroughly protect contingent claims and would make for a heavy administrative burden on the agency charged with implementation of the statutes, while at the same time, it would lessen the statutes' legitimate purpose of protecting persons affected by highway accidents.

Thus, not only is the procedure attacked consonant with due process, but it also is a reasonable method of advancing the legislative purpose and cannot be attacked for over-breadth.

As for the equal protection argument, the essence of plaintiffs' claim is that those uninsured motorists who are poor and unable to post security are discriminated against without any rational justification.

■ A state may require insurance as a pre-condition to the issuance of a license, Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), and plaintiffs concede that this is legitimate. If this expenditure can be required to obtain a license, the expense entailed in posting security after an accident is equally legitimate. The latter cannot be said to be discriminatory if the former is not.

Accordingly, it is the Judgment of the Court that defendants Fernando E. C. DeBaca, Commissioner New Mexico Department of Motor Vehicles and Eloy Tapia, Director of the Financial Responsibility Section of the New Mexico Department of Motor Vehicles, are entitled to summary judgment as a matter of law, and summary judgment is hereby entered in their favor.

It is the further Order of the Court that defendants recover of the plaintiffs their costs of action.