Gabriel **ORTIZ** and Willie Edwards, Appellants, on behalf of themselves and all others similarly situated

v.

Warner M. **DEPUY**, Pennsylvania Secretary of Revenue and Edward A. Hitkin, Pennsylvania Commissioner of Traffic Safety.

No. 19126.

United States Court of Appeals, Third Circuit.

Argued June 2, 1971.

Decided June 21, 1971.

Elliot B. Platt, Community Legal Services, Inc., Philadelphia, Pa., for appellants.

Anthony J. Marorana, Asst. Atty. Gen., Harrisburg, Pa., (Robert Baer Cohen, Sp. Asst. Atty. Gen., Philadelphia, Pa., Fred Speaker, Atty. Gen., Dept. of Justice, Harrisburg, Pa., on the brief), for appellees.

Before McLAUGHLIN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

On May 15, 1969 appellant Ortiz was a duly licensed driver of automobiles under the laws of Pennsylvania. That day, while driving his automobile in Philadelphia, he was involved in an accident with another automobile. Under Pennsylvania law, 75 P.S. § 1217 (Supp. 1970) reports of the accident were filed with the designated Commonwealth representatives as the alleged property damage was in excess of one hundred dollars. 75 P.S. § 1404 (Supp. 1970). Ortiz was notified to post security of five hundred and fifty dollars or obtain a release from liability arising out of the accident. He did neither. Under Section 1404 his driver's license and any owner's registration were ordered suspended. He has always denied that he was at any fault whatsoever as to the accident. The District Court denied the motion of Ortiz to convene a three judge court and dismissed the complaint which sought to enjoin the enforcement of said Section 1404.

On May 24, 1971 the United States Supreme Court in Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), held the Georgia Motor Vehicle Safety Responsibility Act violative of procedural due process under the Fourteenth Amendment of the United States Constitution. Section 1404 of the Pennsylvania Act above mentioned is almost identical with the said Georgia law. The appellees already have started to implement their administrative procedures in compliance with the Bell v. Burson decision. All suspensions presently in effect under Section 1404 are being rescinded as soon as reasonably possible and registrations so suspended restored.

Appellant Edwards was also a duly licensed driver and owner of a motor vehicle under the laws of Pennsylvania. On July 4, 1969, when he had no liability insurance he, with his car, was involved in an accident in Philadelphia. A case against him in the Philadelphia Common Pleas Court was settled during the pendency of this appeal. Edwards denied that he was negligent or otherwise at fault in the accident. His suspension as above indicated is also being rescinded and his license and registration are being restored to him.

This appeal is therefore remanded to the District Court for further proceedings by the Pennsylvania Administrative Agency as to both appellants in compliance with the Bell v. Burson judgment of the United States Supreme Court.