Alex **SALKAY** and Michael Salkay, a minor, etc., Plaintiffs-Appellants,

v.

Broward **WILLIAMS**, as Insurance Commissioner, State of Florida, Defendant-Appellee.

No. 30090.

United States Court of Appeals, Fifth Circuit.

June 22, 1971.

Alex Salkay, pro se.

Arthur C. Canaday and Roger W. Foote, Asst. Attys. Gen., Earl Faircloth, Atty. Gen., for appellee.

Before WISDOM, Circuit Judge, DAVIS,[*] Judge, and GOLDBERG, Circuit Judge.

GOLDBERG, Circuit Judge:

Florida's Financial Responsibility Law of 1955, Fla.Stat.Ann. § 324.011–.251, F.S.A., provides that the motor vehicle registration and driver's license of a motorist involved in an accident, where damage claims of $50 or more are asserted by other parties, shall be suspended unless he among other things (1) demonstrates that he was covered by a liability insurance policy; or (2) files a cash security deposit, or presents a notarized release from liability, plus proof of future financial responsibility. Fla. Stat.Ann. § 324.051.

Plaintiff Alex Salkay owned an automobile which, while driven by his minor son, plaintiff Michael Salkay, was involved in an accident on September 6, 1969.[1] Damages of over $50 were claimed by the other party. Pursuant to the applicable statutory and administrative procedure, plaintiffs were notified that failure to comply with the Florida Financial Responsibility Law within thirty days would result in the suspension of their respective drivers' licenses, and the automobile's registration and tag. On November 24, 1969, plaintiff Alex Salkay requested that he be afforded an administrative hearing prior to suspension, whereby he could demonstrate that his son was without fault and not liable for any damages arising from the accident. The Florida Financial Responsibility Division responded by informing plaintiff that applicable regulations provided that his application for a hearing did not relieve him of the obligation to comply with section 324 and that "no application for a hearing shall be considered until the Commissioner has received the license or registration, as the case may require." *See* Rules of the State Treasurer and Insurance Commissioner 5–13.03. Moreover, a hearing, once granted, according to the Division, could not encompass any question concerning nonliability for the accident. *See* 5–13.04(1). Rather, the hearing was to be "limited to the determination of whether or not the applicant is exempt from the provisions of Chapter 324, Florida Statutes as provided in Section 324.051(2)."

On February 11, 1970, plaintiff Alex Salkay received a three-year suspension order, directing him to surrender his motor vehicle registration and tags. On the same day plaintiff Michael Salkay received an order of suspension, directing him to surrender his driver's license. Thereafter, on February 18, 1970, plaintiffs Alex and Michael Salkay, without complying with the suspension orders, filed the instant suit against the Florida Insurance Commissioner in federal district court on behalf of themselves "and all others similarly situated." Alleging a cause of action under 42 U.S.C.A. § 1983, plaintiffs contended that the Florida statutory and administrative scheme violated their rights to due process and equal protection under the Fourteenth Amendment. On May 6, 1970, the district court entered a final order granting defendant's motion to dismiss on the ground that plaintiffs had failed to exhaust the applicable administrative remedies, including, it must be assumed, the administrative hearing procedure detailed above. Plaintiffs now appeal from this order of dismissal.

---

[*] Hon. Oscar H. Davis, U. S. Court of Claims, Washington, D. C., sitting by designation.

1. The factual summary described above is based on the uncontradicted allegations found in the pleadings.

Subsequent to this ruling by the district court and following oral argument and submission to this court, the Supreme Court of the United States handed down its decision in Bell v. Burson, 1971, 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90, wherein it held that an almost identical statutory and administrative scheme in Georgia violated the due process clause of the Fourteenth Amendment. Speaking for a unanimous Court, Mr. Justice Brennan characterized the Court's holding as follows:

> "We hold, then, that under Georgia's present statutory scheme, [Motor Vehicle and Safety Responsibility Act, Ga.Code Ann. §§ 92A–601 et seq.] before the State may deprive petitioner of his driver's license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident * * * we hold only that the failure of the present Georgia scheme to afford the petitioner a prior hearing on liability of the nature we have defined denied him procedural due process in violation of the Fourteenth Amendment." 402 U.S. at 542, 91 S.Ct. at 1591.

The legal framework against which the present case was decided has been dramatically altered by this decision of the Supreme Court. Thus, the district court's ruling that plaintiffs must exhaust their administrative remedies may no longer stand since the Supreme Court has ruled that nearly identical administrative procedures are unconstitutional. *See* King v. Smith, 1968, 392 U.S. 309, 313 and n. 4, 88 S.Ct. 2128, 20 L.Ed.2d 1118. We therefore conclude that the judgment of dismissal should be reversed and the case be remanded to the district court for further consideration in light of Bell v. Burson.

Reversed and remanded.