Andrew POLLION et al., Plaintiffs,

v.

John W. LEWIS, Secretary of State of Illinois, et al., Defendants.

No. 69 C 330.

United States District Court,
N. D. Illinois, E. D.

Oct. 28, 1971.

David Kahn, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., John Galvin, Asst. Atty. Gen., Chicago, Ill., for defendants.

### FINAL JUDGMENT ORDER ON REMAND

Before CUMMINGS, Circuit Judge, ROBSON, Chief Judge, and PERRY, District Judge.

CUMMINGS, Circuit Judge.

This cause was originally before us in Pollion v. Lewis, 320 F.Supp. 1343 (N. D.Ill.1970). There, over the dissent of Chief Judge Robson, this Court held that the provisions of the Illinois Safety Responsibility Law, Ill.Rev.Stat.1969, ch. 95½, § 7–101 et seq. (as most recently amended, Ill.Rev.Stat.1970 Supp., ch.

95½, § 7–101 et seq.),[1] requiring motorists involved in automobile accidents to post security and demonstrate financial responsibility for the future[2] or suffer a suspension of drivers' licenses or registrations without regard to fault or prospective liability did not violate the Equal Protection or Due Process Clauses of the Fourteenth Amendment. Subsequent to that decision, the Supreme Court of the United States decided Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90. That case held that Georgia's Motor Vehicle Safety Responsibility Act, the same in all material respects as Illinois',[3] failed to accord the motorist involved in an automobile accident due process of law because it suspended his driver's license without affording him a pre-suspension hearing on the question of fault or liability. On direct appeal of this Court's holding in *Pollion*, the Supreme Court vacated our judgment, 403 U.S. 902, 91 S.Ct. 2212, 29 L.Ed.2d 678, and remanded the case "for reconsideration in light of Bell v. Burson."[4] Pollion v. Lewis, 403 U.S. 902, 91 S.Ct. 2212, 29 L.Ed.2d 678. Thus this case is now before us on remand.

■ In light of Bell v. Burson, *supra*, we find the Illinois Safety Responsibility Law unconstitutional as applied. " * * * [B]efore the State may deprive petitioner of his driver's license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident." Bell v. Burson, *supra*, 402 U.S. at 542, 91 S.Ct. at 1591. So long as motorists are not given a pre-suspension opportunity to be heard on the issue of reasonable possibility of liability, license and registration suspensions under the present statute cannot survive Fourteenth Amendment scrutiny.

Although the provisions of the Illinois Act do not on their face contemplate a liability-oriented hearing prior to the effective date of suspension, that constitutional deficiency can be cured by administrative regulation. Ill.Rev.Stat.1970 Supp., ch. 95½, § 7–101, is a broad grant of rule-marking power; it gives the Secretary of State the authority to make rules and regulations "necessary for [the Act's] administration." The Act is of course not administrable if the suspensions which it is now working cannot withstand due process scrutiny. Moreover, the statutory scheme would be compatible with an administrative regulation infusing into the suspension procedure the opportunity for a pre-suspension hearing focusing on the preliminary liability determination.[5] We employ this concept to avoid striking down the statute on its face because of the great state interest in ensuring the protection of the motoring public against financially irresponsible drivers and because a summary invalidation of the Act

1. The operation of the statutory scheme is specifically described in Pollion v. Lewis, 320 F.Supp. 1343, 1345–1348 (N.D.Ill. 1970).

2. Exceptions to the security and proof of financial responsibility requirements are set forth in Ill.Rev.Stat.1970 Supp., ch. 95½, § 7–202. See Ill.Rev.Stat.1970 Supp., ch. 95½, § 7–204(C).

3. Cf. Ga.Code Ann. § 92A–601 et seq. with Ill.Rev.Stat.1970 Supp., ch. 95½, § 7–101 et seq.

4. At least one other adjudication of the constitutionality of a state financial responsibility law received a similar disposition. See Salkay v. Williams, 445 F.2d 599 (5th Cir. 1971).

5. In Pollion v. Lewis, 320 F.Supp. 1343, 1353 (N.D.Ill.1970), we stated that the provisions of the Illinois Act would not permit "a full adjudicatory hearing upon disputed facts prior to effective suspension." However, the hearing required to satisfy due process need only include the preliminary determination of whether there is a "reasonable possibility" of a judgment of liability. See 402 U.S. at 542, 91 S.Ct. at 1591. Such a threshold inquiry would fit into the Act's administrative framework. As we formerly observed, "at any stage in the administrative proceedings the suspension order might be administratively delayed or retracted." *Id.*

on its face could occasion a significant lapse of time before enactment of a curative statute. This latter consequence would expose the users of the highways to serious financial and safety hazards in the interim.

In Bell v. Burson, *supra* at 542, the Supreme Court noted that there were several alternative measures Georgia could undertake to comply with the Court's decision. First among them was to include consideration of the question of reasonable possibility of liability at the administrative hearing already provided in the Georgia statute. *Id.* at 542–543. The Illinois Act also provides for a hearing "upon request of persons aggrieved by orders or acts of the Secretary of State under this Section." Ill. Rev.Stat.1970 Supp., ch. 95½, § 7–101.[6] If the Secretary of State promulgates a regulation including the requisite threshold liability inquiry at this hearing, providing for notification of the party involved of his right to such a hearing, and ensuring that the hearing take place prior to any suspension that might be warranted, the application of the Act would pass constitutional muster. As the Supreme Court stated, this method of compliance is but one of several. Such a cure can be feasibly accomplished by the expedient of administrative regulation. Unless a regulation is promulgated that satisfies the alternatives contemplated by Bell v. Burson, no suspensions of licenses or registrations under the existing Illinois Safety Responsibility Act are permissible.

■ Finally, the class plaintiffs whose drivers' licenses or vehicle registrations have been suspended by the unconstitutional application of the Illinois Safety Responsibility Law are entitled to immediate reinstatement of their licenses and registrations, except those members of the class who have been adjudged liable for the injuries as to which their driving privileges were revoked. Licenses or registrations which would have expired by the lapse of time during an invalid suspension and which have not been renewable because of the suspension,[7] must be allowed to remain effective for a reasonable time during which such licenses or registrations are to be renewable on the same terms and conditions as would have obtained in the absence of the suspension. Nothing contained herein should be understood as prohibiting the Secretary of State from re-suspending any license or registration ordered reinstated by this decree, provided the Secretary first promulgates regulations curative of the constitutional defect and acts in accordance therewith.

In accordance with the foregoing, it is ordered and adjudged that:

1. The Illinois Safety Responsibility Law is unconstitutional as presently applied for failure to afford a motorist involved in an accident a pre-suspension forum for the determination of the question of whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident.

2. Defendants are hereby enjoined from suspending any license or registration of a motorist involved in an accident because of his failure to post security or prove financial responsibility for the future under the provisions of the Act until the requisite pre-suspension hearing is afforded.

3. Defendants are ordered to reinstate immediately the drivers' licenses and vehicle registrations of plaintiffs that have been suspended by the unconstitutional operation of the Act, except in those cases wherein liability has been

6. Because we found a dereliction on the part of the state agencies responsible for effectuating the hearing procedure mandated by the Act, we required the defendants specifically to notify motorists slated for license or registration suspension of their right to a hearing. 320 F.Supp. at 1353–1354.

7. Ill.Rev.Stat.1970 Supp., ch. 95½, §§ 7–211, 7–305.

adjudged in the interim. Licenses and registrations which have lapsed during and been denied renewal because of the invalid suspensions must be accorded continued validity while the holders thereof are given a reasonable opportunity to renew them.

4. This Court is dissolved, and the case is remanded to the single-judge court to effectüate this judgment and, if necessary, to award other appropriate relief.

ROBSON, Chief District Judge (dissenting).

For the reasons stated in my prior dissent,[1] I am in agreement with the majority's conclusion that the driver's licenses and vehicle registrations of the class plaintiffs were revoked in a constitutionally impermissible manner, and that these rights must be immediately reinstated by the defendants. However, I cannot join in the majority's belated attempt to reconstrue the challenged statutory scheme in a strained manner designed to save its constitutionality.

In its original opinion filed November 25, 1970, the majority ruled that the Illinois Financial Responsibility Law provides for hearings *subsequent* to revocation of driver's licenses and vehicle registrations under the challenged provisions. The majority further ruled that the challenged provisions operate independently of considerations of fault or potential liability. In the face of these findings, the majority concluded that such a revocation procedure was constitutionally permissible. Pollion v. Lewis, 320 F.Supp. 1343, 1353 (N.D.Ill.1970). The Supreme Court unanimously rejected the majority's original conclusion in a case involving a challenge to a similar statutory scheme. Bell v. Burson, 402 U.S. 535, 542–543, 91 S.Ct. 1586, 29 L.

Ed.2d 90 (1971). There, the Supreme Court held that before a driver's license or vehicle registration could be revoked, due process required that the person affected be afforded a prior hearing to consider the reasonable likelihood of a judgment being entered against him. The Supreme Court thereafter vacated the majority's judgment and remanded this case "for reconsideration in light of Bell v. Burson." Pollion v. Lewis, 403 U.S. 902, 91 S.Ct. 2212, 29 L.Ed.2d 678 (1971).

None of the parties before this three-judge court has ever advanced the contention that the challenged provisions of the Illinois Financial Responsibility Law authorize either (a) hearings prior to revocation of driver's licenses and vehicle registrations, or (b) consideration of fault or potential liability in connection with an automobile accident as a basis for determining the applicability of the punitive provisions of the Act. Both the majority and dissenting opinions originally filed in this case construed the statutory scheme as excluding both of these requirements set forth in Bell v. Burson, *supra*. Indeed, the clear, unambiguous language of the statute itself dictates such an interpretation.

Section 7–101 of the Act, the provision upon which the majority based its original finding that the statute authorizes hearings *subsequent* to the issuance of revocation orders, provides "for hearings upon request of persons *aggrieved by orders or acts*" of the defendants. Ill.Rev.Stat.1969, ch. 95½ § 7–101. Reasonable interpretation of this provision compels the conclusion that hearings are to take place *after* the issuance of suspension or revocation orders when requested by persons adversely affected by those orders. Furthermore, Section 7–205 of the Act *directs* the defendant Secretary of State to suspend "the li-

---

1. Pollion v. Lewis, 329 F.Supp. 1343, 1354 (N.D.Ill.1970).

cense of each driver in any manner involved" in an accident within 30 days after he has determined that a security deposit is required under Section 7–201.[2] It is therefore an inescapable conclusion that the Illinois General Assembly intended this statutory scheme to apply to all uninsured motorists involved *in any manner* in automobile accidents, and the statutory language *directs* the Secretary of State to so apply the Act. There is no statutory grant of discretionary authority upon any state officer to apply the punitive provisions of the Act in the manner now invisioned by the majority. By reconstruing this statutory scheme to authorize prior hearings on the issue of potential liability, contrary to the explicit language of the Act itself, the majority has usurped a purely legislative function in order to salvage an otherwise unconstitutional statute.

It is significant that none of the parties appealed the majority's original construction of the statute, and the interpretation given the challenged provisions by all involved in this litigation was not an issue before the Supreme Court.[3] Rather, these class plaintiffs appealed the majority's conclusion that a prior hearing with respect to potential liability was not constitutionally required before revocation of driver's licenses and vehicle registrations. Instead of re-examining this conclusion in light of Bell v. Burson, *supra*, the majority has elected to justify its original conclusion by merely altering its underlying findings with respect to construction of the statute itself. Under these circumstances, I am of the opinion that the majority's reinterpretation of the statute is untimely, improper, and unreasonable.

2. Section 7–201 repeats the directive that the financial responsibility provisions be applied to persons involved *in any manner* in an accident if none of the exemptions provided in Section 7–202 apply. *None of the exemptions provided in this statutory scheme relate to considerations of fault or potential liability of uninsured*

*motorists involved in any manner in accidents, even if such persons are the victims of another's negligence.*

3. While the defendants in Bell v. Burson, *supra*, did interpret Georgia's statutory scheme to authorize a prior hearing, this construction was not an issue before the Supreme Court.