No. 72–6595. PUESCHEL *v.* CONNECTICUT. Ct. Common Pleas Conn., App. Div. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs, dissenting.

In *Bell* v. *Burson,* 402 U. S. 535, we struck down a Georgia statute which provided for the suspension of the licenses of drivers involved in accidents who were uninsured and were unable to post security without any presuspension consideration of fault for the accident. Petitioner's license was suspended under an essentially identical statute, and petitioner was arrested for driving without a license, prior to our decision in *Bell.* During his trial, he raised *Bell* as a defense to the criminal charge, but the Connecticut courts rejected the defense because the events complained of, the suspension and subsequent arrest, occurred prior to *Bell.* Refusal to apply *Bell* to petitioner's case on this ground is in error in view of the fact that this Court vacated and remanded for further proceedings in light of *Bell* at least three lower federal court cases challenging license suspensions which had occurred prior to our

decision in *Bell*. See *Gaytan* v. *Cassidy*, 403 U. S. 902, vacating and remanding 317 F. Supp. 46; *Pollion* v. *Lewis*, 403 U. S. 902, vacating and remanding 320 F. Supp. 1343; *Latham* v. *Tynan*, 404 U. S. 807, vacating and remanding 435 F. 2d 1248.

The State also argues that petitioner cannot raise *Bell* as a defense to his criminal charge because he has chosen not to challenge his suspension by seeking available judicial review of the suspension itself, so that he has not raised his contentions in the proper state forum. Since the state court explicitly chose not to reach this argument, we need not reach it in this Court.

Therefore, I dissent from denial of certiorari.