424 P.2d 172

Edward S. FARMER, Appellant,

v.

Clyde KILLINGSWORTH, Superintendent, Motor Vehicle Division, and D. J. Hastings, Director, Financial Responsibility Section of Motor Vehicle Division, Appellees.

No. 8220.

Supreme Court of Arizona.

In Banc.

March 1, 1967.

James P. Cunningham, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Rad L. Vucichevich, Former Asst. Atty. Gen., Harry Schoolitz, Jr., Former Asst. Atty. Gen., Phoenix, James R. Redpath, Asst. Atty. Gen., Phoenix, for appellees.

LOCKWOOD, Justice.

The facts as stipulated to by the parties are as follows: Appellant, Edward S. Farmer, while operating his own automobile collided with a vehicle driven and owned by William Jennings, Jr. The latter's automobile was caused to move forward and collided with a third vehicle owned by Harold E. Latham and driven by Eva Latham. There was damage to all three automobiles. At the time of the collisions, the appellant neither carried bodily injury or property damage liability insurance, nor did he qualify under any of the exceptions to the Uniform Motor Vehicle Safety Responsibility Act, Chapter 7, Title 28, A.R.S. Consequently, the appellee, the Superintendent of Motor Vehicles, sent him notice of suspension and demanded surrender of all his driving licenses and certificates of registration and plates of motor vehicles owned by him, unless he filed with the appellee either: a form (S.R.–1A) showing that he had insurance at the time of the accident; satisfactory evidence of having been released from liability by the injured parties; a final adjudication of his non-liability; a duly acknowledged written agreement or notarized copy thereof; satisfactory evidence that he had executed a warrant for confession of judgment; or had deposited security in the amount of $80.00 (later reduced to $66.00) and furnished proof of financial responsibility for the future. The appellant received and filed a release from Jennings, one of the parties involved in the collision. Prior to the date suspension was to become effective, the appellant filed a bond of $66.00 as security for the damages to the Latham automobile. However, he refused to show financial responsibility for the future, claiming that part of A.R.S. § 28–1142 is unconstitutional as a violation of the 14th Amendment to the Federal Constitution, Art. 2, § 13 and Art. 2, § 4 Arizona Constitution, A.R.S., all being provisions dealing with substantive and procedural due process and equal protection of the law.

Appellant filed in the Superior Court an "Application for Alternative Peremptory Writ of Prohibition" seeking to restrain the appellee temporarily from suspending appellant's motor vehicle rights, and after a hearing to make the relief permanent. The temporary Restraining Order and the Order to the appellee to Show Cause were issued. This appeal is before us following a hearing, at which time judgment was entered quashing the Order to Show Cause and the Temporary Restraining Order and dismissing the Application for Alternative and Peremptory Writ of Prohibition.

The appellant contends that the portion of A.R.S. § 28–1142, requiring that an uninsured motorist, involved in an accident resulting in the statutory amount of damage, post a bond, and also provide proof of future financial responsibility in order to prevent the loss of his driving rights, is unconstitutional.[1] It is claimed that re-

---

1. § 28–1142. "Security required following accident; proof of financial responsibility for the future; exceptions

"A. The superintendent shall, within sixty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death or damage to the property of any one person in excess of one hundred dollars, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident, or, if the operator is a nonresident, the privilege of operating a motor vehicle within this state, or, if the owner is a nonresident, the privilege of the use within this state of any motor vehicle owned by him, unless such opera-

quiring proof of future financial responsibility falls without the police powers of the state since it bears no connection to the public health, safety, or welfare. We have stated that the primary purpose of the Financial Responsibility Act is to prevent financial distress to persons involved in accidents on the highways with uninsured motorists. Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963). We stated in the same case that " * * * the social objective of preventing financial hardship and possible reliance upon the welfare agencies of the state is a permissible goal of police power action". 93 Ariz. at p. 281, 380 P.2d at p. 141. A state may require as a pre-condition to the issuance of an operator's license that an individual must show financial responsibility. Escobedo v. Dept. of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1 (1950); Re Opinion of the Justices, 81 N.H. 566, 129 A. 117, 39 A.L.R. 1023 (1925). It follows therefore that a state may require that an uninsured motorist, who is involved in an accident, must show, as a condition of maintaining his license, proof of future financial responsibility. The state may protect the unwary traveler from a second encounter with this same motorist in an uninsured condition. A statute requiring that all uninsured motorists, who are involved in an accident, must show proof of future financial responsibility or lose their licenses was held constitutional in Rosenblum v. Griffin, 89 N.H. 314, 197 A. 701, 115 A.L.R. 1367 (1938).

■ It is the appellant's next contention that he was denied substantive due process and equal protection of the law in violation of both the State and Federal Constitutions. He claims that there is an unconstitutional discrimination between members of a class to require, as does A.R.S. § 28–1142, that

proof of future financial responsibility be shown only by those uninsured motorists involved in an accident who must give security. A.R.S. § 28–1143 provides that the requirement for security shall not apply:

"4. If, prior to the date that the superintendent would otherwise suspend license and registration or nonresident's operating privilege under § 28–1142, there is filed with the superintendent evidence satisfactory to him that the person who would otherwise have to file security has been released from liability or been finally adjudicated not to be liable or has executed a warrant for confession of judgment, payable when and in such installments as the parties have agreed to, or has executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages resulting from the accident."

The appellant complains that it is unconstitutional to require the uninsured motorist, who must give security following an accident with the resulting statutory amount of damage, to show proof of future financial responsibility, when those uninsured motorists under similar circumstances, who fall into the categories set out in A.R.S. § 28–1143, are not required to show proof of future financial responsibility in order to prevent the suspension of their driving rights.

■ There is no violation of the equal protection provisions of the Federal or Arizona Constitutions (Art. 2, § 13) so long as the statute in dispute applies equally to all members of a class. Schrey v. Allison Steel Mfg. Co., 75 Ariz. 282, 255 P.2d 604 (1953). The due process provisions of the Federal Constitution and of the Arizona Constitution (Art. 2, § 4) do not pro-

tor or owner or both shall deposit security in a sum which is sufficient in the judgment of the superintendent to satisfy any judgment or judgments for damages resulting from the accident as may be recovered against the operator or owner and furnish proof of financial responsibility as provided in § 28–1167. Notice

of the suspension shall be sent by the superintendent to the operator and owner not less than ten days prior to the effective date of the suspension and shall state the amount required as security and that proof of financial responsibility for the future shall be provided."

hibit the reasonable classification of persons and property for proper objectives. The legislation, which applies to members of a class and not to others, will be upheld, if the classification is not arbitrary, and there is a substantial difference between those within and those without the class. Valley National Bank of Phoenix v. Glover, 62 Ariz. 538, 159 P.2d 292 (1945).

In the present case the legislation in question applies only to a class consisting of uninsured motorists involved in an accident who are required to give security. It might be a better policy to require all uninsured motorists, who are involved in accidents resulting in the statutory amount of damage, to show proof of future financial responsibility in order to maintain their driving rights. However, we cannot say that the Legislature was arbitrary in requiring those uninsured motorists who have not: (1) been released from liability to injured parties, or (2) confessed judgment, or (3) otherwise agreed in writing to pay claims for injuries or damages, and must therefore give security, to show in addition that in the future they will be financially responsible for causing any further motor vehicle accidents on the highway. We stated in Schecter v. Killingsworth, supra, that if requested by the uninsured motorists the Superintendent of Motor Vehicles must hold a hearing to determine whether there is a reasonable possibility that the injured party would recover damages from the uninsured motorists at a civil trial. If it is determined at the hearing that there is a "reasonable possibility" that a judgment may be recovered, then it is the duty of the administrative official further to estimate the amount probably necessary to satisfy that judgment so that bond in that amount may be posted. Schecter v. Killingsworth, supra. The amount that is posted as security is merely an *estimate* made by an administrative official. A final judment in a trial involving this matter may result in a different amount. The purpose of requiring security is to prevent a completely

empty judgment. Dept. of Public Safety v. Gillaspie, 152 Tex. 459, 259 S.W.2d 177 (1953). U. S. cert. den. 347 U.S. 933, 74 S.Ct. 625, 98 L.Ed. 1084 (1954). Thus, the situation where security is required is entirely different from that contemplated in A.R.S. § 28–1143. If the uninsured motorist comes within this section he has demonstrated that he will pay for the actual damages inflicted on the third party. It is therefore not unreasonable to require of those, who have failed to pay for the actual damages inflicted on another on the highway, proof of future financial responsibility as a further condition for the maintenance of their driving rights. The provisions of A.R.S. § 28–1142, requiring proof of future responsibility, apply equally to all members of the class, i. e., uninsured motorists involved in an accident resulting in the statutory amount of damages and who must furnish security because of a failure to come within A.R.S. § 28–1143.

█ The appellant next contends that he is being denied procedural due process in violation of the Federal and Arizona Constitutions. He states that there must be a hearing held to determine whether he must show financial responsibility. This Court held in Schecter v. Killingsworth, supra, that due process requires a hearing to be held, if the uninsured motorist demands it, in order to determine whether there was a reasonable possibility that a judgment would be entered against him in favor of the injured party, and to estimate the amount necessary to satisfy that judgment. Once it has been determined that the uninsured motorist must post a bond, it follows automatically that he must also show proof of future financial responsibility. A further hearing is unnecessary.

█ It is the appellant's final contention that the portion of A.R.S. § 28–1142 in question is unconstitutional because it represents a delegation of legislative power without establishing clearly defined guidelines in which this power may be exercised.

This contention is without merit. The term "financial responsibility" is defined in A. R.S. § 28–1102(6).[2] The method of proving financial responsibility is outlined in A.R.S. § 28–1167.[3] The duty of the Superintendent of Motor Vehicles under A.R.S. § 28–1142 when he has determined that the uninsured motorist must give security is clear—he must further require the motorist, as a condition of preventing the suspension of his driving rights, to show the necessary proof of financial responsibility for the future. The critical determination is whether the motorist must post a bond and the amount of that bond. Once that decision is made, the requirement that he also show proof of future financial responsibility follows automatically. The Superintendent has no discretion to deviate from the statutory requirements. There is no unconstitutional delegation of the legislative function.

Judgment affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.

2. 6. "Proof of financial responsibility" means proof of ability to respond in damages for liability on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to the limit for one person, in the amount of twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of five thousand dollars because of injury to or destruction of property to others in any one accident."

3. § 28–1167. "Alternative methods of giving proof
"Proof of financial responsibility when required under this chapter may be given by filing one of the following:
"1. A certificate of insurance as provided in § 28–1168 or § 28–1169.
"2. A bond as provided in § 28–1173.
"3. A certificate of deposit of money or securities as provided in § 28–1174."