543 P.2d 444

**William A. ORDWAY, Director, Arizona Department of Transportation, and Philip Thorneycroft, Assistant Director, Arizona Department of Transportation, Motor Vehicle Division, Petitioners,**

**v.**

**Honorable Robert W. PICKRELL, Judge, Maricopa County Superior Court, and Alice Curley, on behalf of herself and all others similarly situated, Real Parties in Interest, Respondents.**

No. 12138.

Supreme Court of Arizona,
In Banc.

Dec. 9, 1975.

Rehearing Denied Jan. 6, 1976.

Bruce E. Babbitt, Atty. Gen., by John L. Jones, Asst. Atty. Gen., Phoenix, for petitioners.

Coconino County Legal Aid by Douglas Meiklejohn, Donald H. Bayles, Jr., Flagstaff, for respondent Alice Curley.

HOLOHAN, Justice.

Petitioners, the Director and Assistant Director of the Arizona Department of Transportation, seek review by special action of an order of the Maricopa County Superior Court enjoining them from con-

tinuing the suspension of the driver's license of respondent and those in her class. We accepted jurisdiction.

Respondent Curley was involved in an automobile accident in this state, and at the time of the accident she was uninsured. She did not post security or proof of financial responsibility for the future as required by A.R.S. § 28–1142,[1] and she did not fall within any of the exceptions to the requirements of that statute or A.R.S. § 28–1143(A). One year after the accident the motorist did file an affidavit meeting the requirements of A.R.S. § 28–1144(2)[2] and an agreement as authorized by A.R.S. § 28–1144(3).

The respondent motorist argues that she has complied with the requirements of A.R.S. § 28–1144 and she is now entitled to the return of her license. The petitioners, on the other hand, point out that the motorist has not furnished proof of financial responsibility as required by A.R.S. § 28–1142, and they are forbidden by A.R.S. § 28–413[3] from issuing a license to the respondent motorist until she furnishes proof of financial responsibility.

We accepted jurisdiction to resolve the conflict in interpretation of the statutes in this important area.

The issue in the instant case is one of statutory construction centered on the meaning and effect of the legislature's 1961 amendment to A.R.S. § 28–1142 and its effect upon the other provisions of Arizona's Uniform Motor Vehicle Safety Responsibility Act, A.R.S. § 28–1101 *et seq.* The Arizona Motor Vehicle Safety Responsibility Act was based on the Uniform Automobile Liability Security Act (hereinafter referred to as the Security Act) 11 U.L.A. 125 (1938). *Kesler v. Department of Public Safety, Etc., Utah,* 369 U.S. 153, 82 S.Ct. 807 (1962).

The concepts of the requirement of the deposit of security by a motorist for any damages for which he might be liable as a result of the last accident and the requirement of showing proof of financial responsibility for the future are, and have been since the passage of the Security Act, based on differing policy considerations. Security for the past accident is clearly required to make whole the other motorist involved in the collision. Proof of financial responsibility for the future, however, meets a different interest of the public.

The Security Act was withdrawn from the list of Uniform Acts recommended for adoption by the states at the National Con-

1. A.R.S. § 28–1142 *Security required following accident; proof of financial responsibility for the future; exceptions,* provides in part:
    "The superintendent shall, within sixty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death or damage to the property of any one person in excess of one hundred dollars, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident . . . unless such operator or owner or both shall deposit security . . . and furnish proof of financial responsibility as provided in § 28–1167. . . ."

2. A.R.S. § 28–1144 *Duration of suspension,* provides, *inter alia,*
    "The license and registration and nonresident operating privilege suspended as provided in § 28–1142 shall remain suspended and shall not be renewed nor shall a license or registration be issued to such

person until one of the following events has occurred:
    .     .     .     .     .
    "2. One year has elapsed following the date of the accident and evidence satisfactory to the superintendent has been filed with him that during the period no action for damages arising out of the accident has been instituted.
    "3. Evidence satisfactory to the superintendent has been filed with him of . . . a duly acknowledged written agreement, in accordance with paragraph 4 of § 28–1143.
    .     .     ."

3. A.R.S. § 28–413 *What persons shall not be licensed,* provides in part:
    "The department [Department of Transportation] shall not issue a license: . . . [t]o a person, as an operator or chauffeur, who is required by the provisions of the motor vehicle financial responsibility laws of this state [A.R.S. §§ 28–1101 *et seq.*] to deposit proof of financial responsibility and who has not deposited such proof."

ference of Commissioners on Uniform Laws in August of 1943, [Uniform Act, Supp.1949, 11 U.L.A.], and was replaced by a revised model act which now appears as chapter 7 of the Uniform Vehicle Code of 1956 (hereinafter cited as the Model Act).[4]

Chapter 7, Article II of the Model Act is entitled "Security Following Accident" and therein sets out, *inter alia,* the requirements of the deposit of security by one involved in an accident, the exceptions to that requirement, and the duration of the suspension of the license and registration of one who does not meet these provisions. Model Act, *supra,* pp. 65–72. Article II sec. 7–212—Duration of suspension, is in substantially the same language as that set forth in A.R.S. § 28–1144.

Chapter 7, Article III of the Model Act is entitled "Proof of Financial Responsibility for the Future" and provided that certain classes of motorists were required to show proof of financial responsibility for the future. When the motorist fell within the class of persons from whom such proof was required, the Model Act provided:

"Sec. 7–305—*Suspension until proof furnished*

"The suspension or revocation hereinbefore required shall remain in effect and the department shall not issue to such person any new or renewal of license or register or reregister in the name of such person as owner any such vehicle until permitted under the motor vehicle laws of this State, and not then unless and until such person shall give and thereafter maintain proof of financial responsibility for the future." Model Act at p. 73.

"Sec. 7–314—*Suspension to continue until judgments paid and proof given*

"Such license, registration and nonresident's operating privilege shall remain so suspended and shall not be renewed, nor shall any such license or registration be thereafter issued in the name of such person, including any such person not previously licensed, unless and until every such judgment is stayed, satisfied in full or to the extent hereinafter provided and until the said person gives proof of financial responsibility subject to the exceptions stated. . . ." Model Act at p. 75.

The provisions of A.R.S. § 28–1163(A) are substantially the same as Sec. 7–314 of the Model Act.[5]

The Model Act was recompiled and revised in 1968,[6] but Secs. 7–212, 7–305, and 7–314 remain unchanged in the revision.[7]

Prior to 1961 A.R.S. § 28–1142 contained no reference to a requirement for furnishing proof of financial responsibility.[8] In

4. National Committee on Uniform Laws and Ordinances, Uniform Vehicle Code (*revised* 1956).

5. A.R.S. § 28–1163 *Suspension to continue until judgments paid and proof given,* provides in part:
    "The license, registration and nonresident operating privilege shall remain suspended and shall not be renewed, nor shall any license or registration be thereafter issued in the name of the person, including any person not previously licensed, unless and until every such judgment is satisfied in full or to the extent provided by this article, and until the person gives proof of financial responsibility subject to the exemptions stated in §§ 28–1162 and 28–1165."

6. National Committee on Traffic Laws and Ordinances, Uniform Vehicle Code and Model Traffic Ordinance, U.V.C.—M.T.O. (*revised* 1968).

7. Uniform Vehicle Code and Traffic Ordinance, *supra,* Supp. 1, 1972 deleted §§ 7–212 and 7–305 from the Model Act.

8. A.R.S. § 28–1142 (1956) *Security required following accident; exceptions:*
    "The superintendent shall, within sixty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death or damage to the property of any one person in excess of one hundred dollars, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident, or, if the operator is a nonresident, the privilege of operating a motor vehicle within this state, or, if the owner is a nonresident, the

1961, our legislature amended A.R.S. § 28–1142 to embody within it the concept of proof of financial responsibility for the future and made compliance therewith obligatory upon all operators and owners of vehicles involved in an accident within this state unless they fell within one of the stated exceptions listed in that provision or in A.R.S. § 28–1143. Once that requirement attaches to a motorist or owner of a vehicle, it becomes a condition precedent for reinstatement or reissuance of a license or registration to such person. A.R.S. § 28–1163(A). This concept is drawn from Article III of the Model Act rather than Article II.

The 1961 amendment to A.R.S. § 28–1142 through the addition of the condition of proof of financial responsibility for the future imposed the additional requirement that a person who had her license and registration suspended satisfy the requirement of A.R.S. § 28–1144 for any obligation created by the past accident and furnish proof of future financial responsibility. To reach any other result would cause us to ignore the legislative language "proof of financial responsibility" which had been defined in the Act as:

> " 'Proof of financial responsibility' means proof of ability to respond in damages for liability on account of accidents occurring subsequent to the effective date of such proof. . . ." A.R.S. § 28–1102.

This is the same definition contained in the Model Act and embodies the same concept as that in the Uniform Act. This Court's primary duty in the instant case is to determine the intent of the legislature. *State v. Alfred,* 102 Ariz. 102, 425 P.2d 572 (1967); *City of Mesa v. Killingsworth,* 96 Ariz. 290, 394 P.2d 410 (1964). Statutes should be construed to give effect to their objects. A.R.S. § 1–211. In

construing the meaning of the several statutes they should be read together to give effect to all if possible. *City of Scottsdale v. McDowell Mountain Irr. and D. Dist.,* 107 Ariz. 117, 483 P.2d 532 (1971); *Trickel v. Rainbo Baking Company of Phoenix,* 100 Ariz. 222, 412 P.2d 852 (1966). The construction placed on the Act by respondents seems to defeat the legislative intent and ignores provisions plainly defined in the Act.

We have previously had occasion to rule on the legislative intent in enacting the 1961 amendment to A.R.S. § 28–1142. *Farmer v. Killingsworth,* 102 Ariz. 44, 424 P.2d 172 (1967). The motorist in that case fell within the provisions of A.R.S. § 28–1142 and, prior to the suspension of his license and registration, filed a release from one of the other motorists pursuant to A.R.S. § 28–1143(A)(4) and security for the damages to the other motorist in accordance with A.R.S. § 28–1142(A). However, the motorist refused to show proof of financial responsibility for the future and brought an action to restrain the Superintendent from suspending his license and registration solely for his failure to show proof of financial responsibility for the future. We held in *Farmer* that the primary purpose of the Financial Responsibility Act "is to prevent financial distress to persons involved in accidents on the highways with uninsured motorists," citing *Schecter v. Killingsworth,* 93 Ariz. 273, 380 P.2d 136 (1963). In *Farmer* the recognition of the concept of proof of financial responsibility as a condition upon the retention or reinstatement of driving rights was expressed:

> "A state may require as a *pre-condition* to the issuance of an operator's license that an individual must show financial responsibility. It follows therefore that the state may require that an uninsured motorist, who is involved in

privilege of the use within this state of any motor vehicle owned by him, unless such operator or owner or both shall deposit security in a sum which is sufficient in the judgment of the superintendent to

satisfy any judgment or judgments for damages resulting from the accident as may be recovered against the operator or owner. . . . "

an accident, must show, as a *condition* of maintaining his license, proof of future financial responsibility. The state may protect the unwary traveler from a second encounter with this same motorist in an uninsured condition." 102 Ariz. 47, 424 P.2d 175. (citations omitted) (emphasis added).

In holding that the motorist in *Farmer* was required to show proof of future financial responsibility in order to prevent the suspension of his driving rights we stated:

"The duty of the Superintendent of Motor Vehicles under A.R.S. § 28-1142 when he has determined that the uninsured motorist must give security is clear —he must further require the motorist, as a *condition* of preventing the suspension of his driving rights, to show the necessary proof of financial responsibility for the future. . . . The Superintendent has no discretion to deviate from the statutory requirements." 102

Ariz. 49, 424 P.2d 177. (emphasis added).

We reject the limited reading of A.R.S. § 28-1142 suggested by respondents. We believe that our previous interpretation of the Act together with a review of its history and purpose support the position of petitioners that a showing of financial responsibility is required.

The relief sought by petitioners is granted. The cause is remanded to the Superior Court of Maricopa County with directions to vacate the judgment in cause No. C304349 and to enter judgment consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.

Note: Justice Frank X. Gordon, Jr., did not participate in the determination of this matter and retired Justice Lorna E. Lockwood sat in his stead.