THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM A. GREEN, Defendant-Appellant.

Second District    No. 77-31

Opinion filed July 28, 1977.

Ralph Ruebner, Peter B. Nolte, and Michael Mulder, all of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant, William A. Green, was charged with unlawful use of weapons in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)). Evidence introduced at the bench trial established that defendant was carrying a concealed pellet gun in his vehicle at the time he was apprehended.

Officer Robert Zujewski testified that the gun was a .177-caliber pellet

gun, which the officer said the defendant told him was used for hunting rabbits. The gun fired .177-caliber pellets of a "round tubular" configuration, by expulsion of pumped up air. The officer testified that he test fired the gun into a piece of fiberboard at the police station.

At the close of this evidence, defense counsel moved for a directed verdict on the basis of his contention that the weapon in question was not a "firearm" within the definition of section 1.1(1) of "An Act relating to the acquisition, possession * * * of firearms * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 83—1.1(1)). This motion was denied and the defendant found guilty. The court found that since the projectile expelled by the gun was not "globular," but was, in fact, "tubular" and flat headed, the gun was a firearm under the meaning of section 24—1(a)(4). The defendant was fined $100 and a notice of appeal was filed. The pertinent statutory provisions are as follows:

"A person commits the offense of unlawful use of weapons when he knowingly:

* * *

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm." Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)

Section 1.1 of "An Act relating to the acquisition, possession * * * of firearms * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 83—1.1(1)) states:

"For purposes of this Act:

'Firearm' means any device, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas or escape of gas; excluding, however:

(1) any pneumatic gun, spring gun, or B-B gun which expels a single globular projectile not exceeding .18 inch in diameter."

Section 1 of "An Act * * * regulating * * * air rifles" (Ill. Rev. Stat. 1975, ch. 38, par. 82—1(1)) defines an air rifle as follows:

"As used in this Act:

(1) 'Air rifle' means and includes any air gun, air pistol, spring gun, spring pistol, B-B gun, pellet gun or any implement that is not a firearm which impels a pellet constructed of hard plastic, steel, lead or other hard materials with a force that reasonably is expected to cause bodily harm."

While it is acknowledged by defendant that the pellet gun involved in this case does not discharge a "globular" projectile, defendant nonetheless argues that the pellet gun here was not a firearm within the meaning of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)). In support of this contention defendant makes two

points: (1) the pellet gun involved in this case is an air rifle as described in section 1 of "An Act * * * regulating * * * air rifles * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 82—1(1) and not a firearm as described in section 24—1(a)(4) (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)); and (2) that the construction urged by the State, that would permit the pellet gun in this case to be a firearm under the unlawful use of weapons statute, would permit many type of air or spring guns which expel projectiles such as darts, corks, and even water which are not "globular" to be firearms.

Defendant's first point is that the pellet gun in question was an air rifle and not a firearm. "Firearm" is defined in section 1.1(1) of "An Act relating to the acquisition, possession * * * of firearms * * *" as: " * * * any device, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas or escape of gas; excluding, however: (1) any pneumatic gun, spring gun, or B-B gun which expels a single globular projectile not exceeding .18 inch in diameter." (Ill. Rev. Stat. 1975, ch. 38, par. 83—1.1(1).) "Air rifle" as defined in section 1(1) of "An Act * * * regulating * * * air rifles * * *" "* * * includes any air gun, air pistol, spring gun, spring pistol, B-B gun, pellet gun or any implement *that is not a firearm* which impels a pellet constructed of hard plastic, steel, lead or other hard materials with a force that reasonably is expected to cause bodily harm." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 38, par. 82—1(1).

■■ In this court's opinion, the modifying phrase *that is not a firearm* is intended to apply to the entire preceding collection of weaponry. Thus, an air rifle under the statute includes any "pellet gun * * * that is not a firearm." The question, then, is whether defendant's gun in this case was a firearm. Referring to the definition of a firearm, noted above, it is apparent that defendant's weapon is a firearm because it does not fall within the excluded language because it does not fire a "globular" projectile. Defendant's contention fails.

■■ The second point made by defendant is that the interpretation of the statute employed by the State results in absurd consequences. Defendant also argues that if his weapon is a "firearm" numerous other objects, including certain children's toys such as cork and dart guns would be "firearms" under the statute. As noted, by the State, absurd constructions of legislative enactments are not favored. (*People v. Hudson* (1970), 46 Ill. 2d 177, 181.) The weapon with which defendant was found brings this case within the core meaning of the definition of firearms in section 1.1(1) of "An Act relating to the acquisition, possession * * * of firearms * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 83—1.1(1)). Possible misapplications of statutory language are irrelevant, given the facts before the court in this case. The same principle is in effect acknowledged in the context of due process (vagueness) interpretation of

statutes in the conclusion that " 'constitutionality of a statute * * * is not dependent on its susceptibility of misapplication.' " (*People v. Raby* (1968), 40 Ill. 2d 392, 397.) Defendant, having clearly fallen within the reach of the statute, may not object, on the basis of absurd applications of the statute, to the reach of statutory proscriptions.

The judgment of the circuit court of McHenry County is therefore affirmed.

Judgment affirmed.

SEIDENFELD and BOYLE, JJ., concur.