RENT-A-SIGN *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.* THE CITY OF ROCKFORD *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   No. 79-153

Opinion filed June 25, 1980.

A. Curtis Washburn, John M. Nelson, and Kathleen Elliott, all of Rockford, for appellants.

Steven G. Vecchio, of Gilbert and Vecchio, of Rockford, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs, five mobile-sign rental companies, brought an action for declaratory and injunctive relief against the city of Rockford alleging that an amendatory ordinance regulating the use of mobile signs in outdoor advertising was unconstitutional. The trial court found that the ordinance unfairly discriminates against mobile signs and entered an order permanently enjoining enforcement of two subsections of the ordinance, but upheld other challenged provisions. The city appeals, contending that the ordinance does not constitute a denial of equal protection. Plaintiffs cross-appeal, contending that the definition of "mobile sign" in the ordinance is void for vagueness.

The ordinance as amended represents a fairly comprehensive regulatory scheme covering the construction and installation of virtually all signs used in outdoor advertising, including freestanding pole or ground signs, wall signs, roof signs and mobile signs. A mobile sign is defined in section 3—75(a) of the ordinance as "any sign designed for use and display out of doors which is mounted on a trailer with locking devices, or which is otherwise capable of being easily transported or moved from place to place."

Section 3—76(a) provides that:

"No mobile sign shall be permitted to stand at any address within the city of Rockford for a period of more than thirty (30) consecutive days in any year, nor more than a total of sixty (60) days in any year. No mobile sign permit shall be issued for consecutive 30-day periods without at least a period of thirty days intervening."

Section 3—76(d) states:

"No mobile sign shall be permitted with lights which flash, blink, or vary in intensity. No mobile sign shall be permitted with red, yellow, amber, or green lights."

It is generally agreed that these restrictions are intended to preserve aesthetic and environmental values and to enhance highway safety by removing potentially distracting lights.

Plaintiffs' complaint alleged that the entire ordinance was unconstitutional on both due process and equal protection grounds. The trial court upheld the general validity of the ordinance but found that sections 3—76(a) and (d) were arbitrarily underinclusive because they did not apply to other signs that pose substantially the same safety and aesthetic problems. This appeal followed.

It is well settled that the fourteenth amendment permits States and their political subdivisions wide discretion in enacting laws which affect some groups differently than others. (*McGowan v. Maryland* (1961), 366

U.S. 420, 425, 6 L. Ed. 2d 393, 399, 81 S. Ct. 1101, 1105.) The constitutional guarantee of equal protection requires only that there exist a rational connection between the challenged classification and some legitimate legislative purpose. (*Vance v. Bradley* (1979), 440 U.S. 93, 59 L. Ed. 2d 171, 99 S. Ct. 939; *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 578.) A legislative classification will not be set aside if any state of facts can reasonably be conceived to sustain it. (*Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 497.) We believe there exists a reasonable basis for treating mobile signs differently from other signs and therefore find sections 3—76(a) and (d) constitutional.

■■ Section 3—76(a) restricts the display of mobile signs to 30 consecutive days and no more than 60 days in one year, but does not impose a similar restriction on the display of permanent signs. Although this distinction may conceivably be justified on several grounds, it arguably rests upon a legislative determination that mobile signs pose greater safety and aesthetic problems. The ordinance governing outdoor advertising, for example, provides that all ground signs must be installed in a manner sufficient to withstand certain specified wind loads (3—57(3)(a)), roof signs must also be "securely attached, braced or constructed" to sustain specified wind pressures (3—58(1)(b)), wall signs must be "securely fastened" (3—59(2)) and pole signs must be set in concrete footings of sufficient size and weight to prevent overturning (3—64(2)(c)). Rather than imposing similar conditions on the display of signs which by definition must be freely mobile, the city council may well have concluded that the public safety is best served by limiting the time during which mobile signs are exposed to hazardous weather conditions. Further, the council may have concluded that the regulation tended to reduce the total number of mobile signs being displayed at a given time.

The city council might also have concluded that mobile signs as a class are aesthetically less pleasing than permanent signs. Because mobile signs are used to advertise events of a temporary nature (*e.g.*, grand openings and special sales), they are usually designed to attract attention rather than to conform with their surroundings. It is within the power of State and municipal governments to consider aesthetic and environmental values (*Berman v. Parker* (1954), 348 U.S. 26, 33, 99 L. Ed. 27, 38, 75 S. Ct. 98, 102; *Ward v. County of Cook* (1979), 68 Ill. App. 3d 563, 571), and a limitation on the use of mobile signs is not entirely unrelated to that objective. The fact that this restriction is confined to mobile signs does not render it unconstitutional, since the city council is free to recognize degrees of harm and to confine its restrictions to those classes of cases where the need is deemed to be greatest. *Director of Department of Agriculture v. Carroll Feed Service, Inc.* (1980), 83 Ill. App. 3d 164, 166.

The trial court also found section 3—76(d) invalid on equal

protection grounds because it prohibits flashing lights and certain colored lights on mobile signs but not on permanent signs. Plaintiffs argue that this distinction is unrelated to public safety or aesthetics since a violation of the ordinance turns not on the lights used but on the kind of sign on which they are used. It is argued, for example, that flashing lights are no more displeasing or hazardous on mobile signs than they are on permanent signs yet the ordinance allows one and not the other.

■■ The city council is allowed wide latitude in formulating classifications in matters of economic and social legislation. (*Highcrest Management Co. v. Village of Woodridge* (1978), 60 Ill. App. 3d 763, 767.) The legislature may reform in progressive stages, addressing itself to the phase of the problem which seems most acute at the time. *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 582; *Railway Express Agency, Inc. v. New York* (1949), 336 U.S. 106, 93 L. Ed. 533, 69 S. Ct. 463.

For example, in *Railway Express Agency*, a municipal ordinance allowing only signs on trucks which related to the business of that vehicle was challenged on equal protection grounds. The ordinance was defended on the theory of reducing traffic distractions, though apparently no evidence was offered to show that trucks carrying unrelated advertising signs were any more a distraction than those bearing related advertising. The court upheld the ordinance by deferring to the judgment of local authorities, deeming it unnecessary to find a rational distinction between the classes of advertising in relation to traffic safety. The court stated:

> "The local authorities may well have concluded that those who advertise their own wares on their trucks do not present the same traffic problem in view of the nature or extent of the advertising which they use. It would take a degree of omniscience which we lack to say that such is not the case. If that judgment is correct, the advertising displays that are exempt have less incidents on traffic than those of appellants." *Railway Express Agency, Inc. v. New York* (1949), 336 U.S. 106, 110, 93 L. Ed. 533, 539, 69 S. Ct. 55.

■■ The city also argues that mobile signs pose greater difficulties in enforcement since they are easily movable, thus justifying the blanket prohibition on lights which may interfere with traffic. We agree that mobile signs are more readily moved into unauthorized locations which could pose traffic hazards than are other types of signs, and deem the differential ease of enforcement a rational basis upon which to make regulatory classifications. *Midwest Freight Forwarding Co. v. Lewis* (1971), 49 Ill. 2d 441, 446; *cf. City of Charlotte v. Firefighters Local 660* (1976), 426 U.S. 283, 48 L. Ed. 2d 636, 96 S. Ct. 2036.

Finally, plaintiffs contend on cross-appeal that the trial court erred in not holding the definition of mobile signs in section 3—75 void for

vagueness. We find the ordinance sufficiently clear to give reasonable notice of the kind of signs affected. It is sufficient if, measured by common understanding and practice, the terms are definite enough to serve as a guide to rights and obligations. (*City of Decatur v. Kushmer* (1969), 43 Ill. 2d 334, 336.) The plaintiffs argue that the term "easily transported" is vague in that certain signs separately covered in the ordinance such as a real estate sign, an army recruiting sign, a ground sign and a "A-frame" sign were not considered by the city inspector to be "mobile signs" although all were capable of being easily transported. The trial court construed the sections of the ordinance before us as only applying to signs on trailers or similar uses and excluding temporary signs already defined. We agree that the terms are definite enough measured by common understanding and practice.

■ Further, certain representatives of plaintiffs testified that their signs fit within the definition since they were mounted on trailers. Since plaintiffs' signs clearly fall within the definition they cannot properly attack the ordinance as vague in its application to other signs. *People v. Green* (1977), 50 Ill. App. 3d 980, 982-83. See also *United States Civil Service Com. v. National Association of Letter Carriers* (1973), 413 U.S. 548, 37 L. Ed. 2d 796, 93 S. Ct. 2880.

The judgment of the circuit court enjoining enforcement of sections 3—76(a) and (d) of the Rockford Sign Ordinance is reversed. The trial court's finding that section 3—75 is constitutional is affirmed.

Affirmed in part and reversed in part.

LINDBERG and UNVERZAGT, JJ., concur.