7 P.3d 136

**ELLER MEDIA COMPANY, a corporation, Plaintiff/Appellant,**

v.

**CITY OF TUCSON, an Arizona municipal corporation, Defendant/Appellee.**

**No. 2 CA–CV 99–0221.**

Court of Appeals of Arizona, Division 2, Department B.

June 20, 2000.

Redesignated as Opinion and Publication Ordered Aug. 2, 2000.

Lewis and Roca, L.L.P. By John N. Iurino, Tucson, Attorneys for Plaintiff/Appellant.

1. Formerly Whiteco Outdoor Advertising, Inc.

Thomas J. Berning, Tucson City Attorney By Frank William Kern III, Tucson, Attorneys for Defendant/Appellee.

## OPINION

BRAMMER, Presiding Judge.

¶1 Appellant Eller Media Co. (Eller)[1] brought this action to enjoin appellee City of Tucson from enforcing a provision in its Outdoor Lighting Code (OLC) that prohibits bottom-mounted lights on billboards. Eller appeals the trial court's order granting summary judgment in favor of the City on its claims that the prohibition violates its substantive due process and equal protection rights. Because we find that Eller's constitutional claims fail as a matter of law, we affirm the trial court's order.

### Facts and Procedural History

¶2 A detailed history of this case is set forth in our decision in *Whiteco Outdoor Advertising v. City of Tucson,* 193 Ariz. 314, 972 P.2d 647 (App.1998). Briefly, Eller owns and maintains in Tucson several outdoor billboards used to display advertising copy, the face of many of which are illuminated by lights mounted at the bottom of each billboard. In 1987 and again in 1994, the City amended its OLC to require that all lighting fixtures used to illuminate outdoor advertising signs be mounted on the top of the sign structure. The City's Development Services Director notified Eller in 1995 that a number of its billboards were in violation of the OLC and directed it to abate the violations. Eller appealed to the City Board of Appeals, contending that the OLC was a regulatory scheme included within the City's zoning power and therefore limited by state zoning laws, including the nonconforming use statute, A.R.S. § 9–462.02(A), and that its use of bottom-mounted lighting was protected as a nonconforming use. After a hearing, the Board denied Eller's appeal, finding that its use of bottom-mounted lighting was not a nonconforming use and that the OLC provision neither discriminated against Eller nor violated its property rights.

¶ 3 Eller then filed this action in superior court, requesting that the court enjoin the City from enforcing the OLC provision and seeking a declaratory judgment that the provision violates its substantive due process and equal protection rights. After the parties filed cross motions for summary judgment, the trial court granted Eller's motion for partial summary judgment, concluding that the OLC was a zoning ordinance, that Eller's use of bottom-mounted lighting on its billboards was a protected nonconforming use, and that the prohibition against the use was therefore unenforceable. Having found in favor of Eller on this ground, the trial court did not address the constitutional claims. On appeal, we vacated the trial court's order, concluding it erred in ruling that the City's OLC was a zoning ordinance and that the nonconforming use statute precluded it from prohibiting Eller's use of bottom-mounted lights. *See Whiteco Outdoor Advertising.* On remand, the trial court found that, under the rational basis test, Eller had failed, as a matter of law, to establish that the OLC provision violated either its substantive due process or equal protection rights. Accordingly, the court granted the City's motion for summary judgment on Eller's constitutional claims and this appeal followed.

### Discussion

¶ 4 On appeal from the trial court's grant of summary judgment, we review de novo whether there are any genuine issues of material fact and whether the trial court erred in applying the law. *Prince v. City of Apache Junction,* 185 Ariz. 43, 912 P.2d 47 (App.1996). Eller first argues that the trial court should have analyzed its constitutional claims under the strict scrutiny test, asserting that that test applies when a government regulation burdens or impinges upon a fundamental right, such as the exercise of speech, and that the City's "bottom-mounted lighting prohibition affects [its] ability to transmit commercial and non-commercial messages on outdoor advertising structures." *See Kenyon v. Hammer,* 142 Ariz. 69, 688 P.2d 961 (1984) (law or regulation burdening fundamental right reviewed under strict scrutiny test). Some OLC provisions clearly

place content-neutral time, place, and manner restrictions on outdoor advertisers' ability to display their advertising copy. Eller does not argue, nor does the record reflect, however, that billboards are more effectively illuminated from the bottom than from the top. Rather, Eller contends that top-mounted light fixtures are potentially less safe than bottom-mounted ones because, when the display copy panels are lifted vertically from the billboard face, the top-mounted lights could be struck and broken in the process, showering employees or others below with broken glass.

¶ 5 Because the provision at issue here does not affect the advertising message Eller displays on its billboards, it does not affect an aspect of communicative speech; consequently, it does not affect or burden any fundamental right, including those granted by the First Amendment. *See Ruiz v. Hull,* 191 Ariz. 441, 957 P.2d 984 (1998) (laws directed at speech and communication subject to heightened scrutiny), *cert. denied,* 525 U.S. 1093, 119 S.Ct. 850, 142 L.Ed.2d 703 (1999); *see also Asselin v. Town of Conway,* 137 N.H. 368, 628 A.2d 247 (1993) (municipality's ordinance restricting internally lighted signs, but otherwise allowing business owners to erect signs that could be effectively illuminated, did not impair owners' freedom of expression). And, because Eller is also clearly not a member of a suspect class, we agree with the trial court that the correct standard for reviewing both constitutional claims is the rational basis test. *See Church v. Rawson Drug & Sundry Co.,* 173 Ariz. 342, 842 P.2d 1355 (App.1992) (law or regulation that does not involve fundamental right or suspect classification subject only to rational basis review); *see also Rent–A–Sign v. City of Rockford,* 85 Ill.App.3d 453, 40 Ill.Dec. 740, 406 N.E.2d 943 (1980) (court reviewed under rational basis test constitutionality of city's ordinance prohibiting flashing and certain colored lights on mobile signs); *Asselin* (court reviewed under rational basis test constitutionality of ordinance restricting internally lighted signs).

a. **Substantive due process**

¶ 6 Under the rational basis test, we must uphold a law or regulation against a

claim that it violates substantive due process if it does not transgress "'some *basic and fundamental principle,*'" *Wallace v. Casa Grande Union High School Dist. No. 82,* 184 Ariz. 419, 430, 909 P.2d 486, 497 (App.1995), *quoting Santiago de Castro v. Morales Medina,* 943 F.2d 129, 131 (1st Cir.1991), or if it is not arbitrary, capricious, or unreasonable and if the means selected have a real and substantial relation to the goals sought to be obtained. *Bryant v. Continental Conveyor & Equip. Co.,* 156 Ariz. 193, 751 P.2d 509 (1988), *overruled on other grounds, Hazine v. Montgomery Elevator Co.,* 176 Ariz. 340, 861 P.2d 625 (1993); *American Fed'n of Labor v. American S. & D. Co.,* 67 Ariz. 20, 189 P.2d 912 (1948). We note also that *Martin v. Reinstein,* 195 Ariz. 293, 987 P.2d 779 (App. 1999), suggests that substantive due process precludes government conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. The stated purpose of the City's OLC is "to provide standards for outdoor lighting so that its use does not unreasonably interfere with astronomical observations." The City insists that the OLC provision furthers this goal, explaining that top-mounted lights emit fewer rays into the night sky than do bottom-mounted ones because, shining downward, their rays are reflected off at least one surface before radiating upward. In contrast, bottom-mounted lights shine directly into the night sky.

¶ 7 Although Eller seems to challenge both the principle that upward-shining lights emit more rays into the night sky than do those that shine downward and the City's claim that requiring top-mounted lights will reduce skyward emissions, the record does not appear to support those claims. Further, in an apparent abandonment of those positions, Eller argues simply that the City can achieve a similar or greater emission reduction by requiring that bottom-mounted lights be shrouded with a "prototype shield" its expert witness's company has developed. Even if this were true, however, and notwithstanding that Eller obviously prefers this

means to reduce its billboards' emissions, under the rational basis test, the means the state chooses to achieve a particular goal need not be the most effective or least onerous available. The means need only rationally further that goal; that is, have a real and substantial relation to the achievement of the goal. *Compare American Fed'n of Labor* (under rational basis test, courts do not review whether law is wise or whether legislature has adopted best means to achieve its purpose) *with Mountain States Tel. and Tel. Co. v. Arizona Corp. Comm'n,* 160 Ariz. 350, 773 P.2d 455 (1989) (under intermediate scrutiny test, content-neutral time, place, and manner restrictions on speech must be narrowly tailored to achieve goal sought),[2] *and Kenyon* (under strict scrutiny test, state must select least restrictive means necessary to achieve goal sought). Moreover, the 1994 OLC was, necessarily, enacted to address conditions as they existed at that time, not hypothetical conditions that might have arisen in the future based on as yet undeveloped technology that the billboard industry might or might not have chosen to use. Because Eller neither disputes that requiring top-mounted lights on billboards is a real and substantial means of reducing light emissions into the night sky nor suggests any fundamental principle the OLC transgresses, *Wallace,* its substantive due process claim fails as a matter of law.

**b. Equal protection**

¶ 8 Under the rational basis test, we will uphold a law or regulation that imposes a burden on one class but not another if the legislation serves a legitimate state interest and the facts support the conclusion that the classification rationally furthers that interest. *Kenyon.* Because Eller does not challenge the legitimacy of the City's stated goal of enhancing astronomical observations, we address only the second requirement.

¶ 9 The guarantee of equal protection is violated only if a classification rests on grounds wholly irrelevant to the achievement of the state's objective. *Id.* A regulation that

---

**2.** *See Lutz v. City of York, Pennsylvania,* 899 F.2d 255 (3d Cir.1990) (courts review content-neutral time, place, and manner restrictions on speech imposed in traditional public fora under intermediate, not strict, scrutiny test).

applies to some members of a class and not to others will be upheld if the classification is not arbitrary and there is a substantial difference between those within and without the class. *Farmer v. Killingsworth,* 102 Ariz. 44, 424 P.2d 172 (1967).

¶ 10 Eller asserts that, because it presented below its expert witness's calculations and conclusions establishing that a typical outdoor display lot[3] lighting fixture permits more light to be reflected into the night sky than that permitted by either a top-mounted or a "well-shielded" bottom-mounted billboard lighting fixture, it raised a genuine issue of material fact that should have precluded summary judgment on its equal protection claim. Although we question whether those calculations, some of which were admittedly based on "estimates and assumptions," were sufficiently reliable so as to raise a genuine issue of material fact, there can be little doubt that other outdoor light sources, including some display lots, in the city emit more light into the night sky than do single billboards. However, we fail to see, nor does Eller explain, how this fact is material to its claim that enforcing the OLC provision at issue violates its equal protection rights.

¶ 11 Eller does not contend that other outdoor light sources are allowed to use bottom-mounted lighting while the OLC provision at issue prohibits it from doing so. Indeed, because the OLC appears to require that display lot lights, like billboard lights, must generally shine downward,[4] we agree with the City that there appears to be little practical difference between the requirements imposed on the two light sources. Rather, Eller appears to argue simply that the OLC, as a whole, permits other light sources to emit more light into the night sky than do billboards. Assuming that Eller's expert witness's calculations are correct, however, the OLC would be discriminatory, that is, it would allow other light sources to emit more light into the night sky than do billboards, regardless of whether it permitted top-mounted or bottom-mounted light fixtures, or both.

¶ 12 Moreover, we find untenable Eller's apparent contention that the City cannot regulate its billboard light output unless and until its emissions equal those produced by "other outdoor lighting users, such as auto sales display lots and recreational sports facilities." This suggestion would preclude the City from regulating all but the brightest bulb in the night sky. Indeed, it presumes that all light sources should and must emit the same amount of light. Eller's own expert witness recognized, however, that display lot lights, as an example, are typically more powerful than those on billboards because they must "generate high illumination over a relatively large area of a display lot." Accordingly, given the undisputedly different lighting requirements of display lots and billboards, Eller has failed to establish as arbitrary the City's allegedly disparate treatment between the two outdoor light sources. *Farmer.*

¶ 13 Eller's equal protection claim, like its substantive due process claim, fails as a matter of law. We therefore conclude that the trial court correctly granted the City's motion for summary judgment on both claims. *Prince.*

CONCURRING: JOSEPH W. HOWARD, Judge, and M. JAN FLÓREZ, Judge.

---

3. The OLC lists as examples of display lots those at which automobiles, recreational vehicles, or building materials are sold or rented.

4. The OLC requires that display lot lighting fixtures must either be fully shielded, thus permitting no light rays to be emitted at an angle above the horizontal plane of the fixture, or be designed or provided with sharp cut-off capability, so as to minimize up-light, spill-light, and glare.