NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HACI MECHANICAL CONTRACTORS, INC., an Arizona corporation,
*Cross-Claimant/Appellant*,

*v.*

BMO HARRIS BANK (fka M&I Marshall & Ilsley Bank) and LEXINGTON
AVENUE, LLP, *Cross-Defendants/Appellees*.

No. 1 CA-CV 13-0147
FILED 3-31-2015

Appeal from the Superior Court in Maricopa County
No. CV2009-018671
The Honorable John A. Buttrick, Judge

**VACATED AND REMANDED**

COUNSEL

Jennings Haug & Cunningham, LLP, Phoenix
By Chad L. Schexnayder, James L. Csontos and Russell R. Yurk
*Counsel for Cross-Claimant/Appellant*

Gust Rosenfeld, PLC, Phoenix
By Timothy W. Barton
*Counsel for Cross-Defendant/Appellee BMO Harris Bank, NA*

Jennings, Strouss & Salmon, PLC, Phoenix
By John J. Egbert
*Counsel for Cross-Defendant/Appellee Lexington Avenue, LLP*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1 This case returns to us on remand from the Arizona Supreme Court. In *HACI Mechanical Contractors, Inc. v. BMO Harris Bank*, 1 CA-CV 13-0147, 2014 WL 1266386 (Ariz. App. Jul. 21, 2014) (mem. decision), we reversed and remanded summary judgment in favor of BMO Harris Bank (BMO) because we concluded equitable subrogation of BMO's deed of trust over HACI Mechanical Contractor's, Inc.'s (HACI) mechanics' lien was precluded by Arizona Revised Statutes (A.R.S.) section 33-992.A (West 2015)[1] and in accordance with the Court of Appeals opinion in *Weitz Co., L.L.C. v. Heth*, 233 Ariz. 442, (App. 2013). The Arizona Supreme Court vacated that Court of Appeals opinion in *Weitz Co. L.L.C. v. Heth*, 235 Ariz. 405, (2014) and subsequently ordered us to reconsider our decision in this case. Accordingly, because we conclude BMO was only entitled to subrogation for the amount that discharged earlier deeds of trust, we vacate summary judgment in BMO's favor and remand for the trial court to enter judgment consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

¶2 This case arises out of the Century Plaza construction project (the Project) converting an office building into residential condominium units. The owner, Windsor Century Plaza (Owner), hired Summit Builders (Summit) as the general contractor. Summit then entered into a subcontract agreement with HACI to perform work on the Project. Construction began on or about March 2, 2006. On June 21, 2006, HACI served a preliminary twenty-day notice and Claim of Mechanics' and Materialmen's lien notice on Owner and BMO.

¶3 Owner sought a construction loan from BMO. At that time, the property was encumbered by two deeds of trust totaling $6,750,000 (The Sir Mortgage loans) that were recorded in 2004. As a closing condition,

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

BMO required Owner to pay off the Sir Mortgage loans. BMO provided construction loans in the amount of $39,852,000 in August 2006. At closing, Owner paid $6,814,483.23 to satisfy the Sir Mortgage loans and obtain a release from those deeds of trust. At that point, all superior liens were released. BMO then secured its loans by a first position deed of trust recorded on August 16, 2006, fifty-six days after HACI's preliminary twenty day lien notice was served.

¶4        Owner defaulted on its loan agreement twice in 2008 causing BMO to declare Owner in default. On February 20, 2009, HACI recorded its notice and claim of mechanics' lien. As of that recording date, fifteen units had been sold and the proceeds were used to satisfy a portion of the BMO loan. BMO subsequently held a trustee's sale pursuant to its deed of trust in October of 2009. BMO was the successful credit bidder at $11.1 million, and consequently received a Trustee's Deed concerning the remaining condominiums. Shortly after the trustee's sale, BMO conveyed the remaining units to Lexington through a Special Warranty Deed.[2]

¶5        Heritage Interiors commenced a suit against Owner for breach of contract. In their suit, Heritage named Owner, Summit, HACI, and several other individuals and companies as parties asserting an interest in the property. Thereafter, HACI answered and asserted cross-claims and counterclaims against the other defendants to foreclose its mechanics' lien. HACI also asserted breach of contract claims against Summit and Lexington. Appellees moved for summary judgment upon HACI's claims arguing that lien priority was "clearly established" under the doctrine of equitable subrogation. The trial court agreed and granted summary judgment. HACI timely appealed, and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1 and -2101.A.1 (West 2015).

## DISCUSSION

¶6        Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 212 Ariz. 381, 385, ¶ 15 (2006). We review de novo the trial court's grant of summary judgment. *Eller Media Co. v. City of Tucson*, 198 Ariz. 127, 130, ¶ 4 (App. 2000). We view

---

[2]        BMO no longer has a legal interest in the property; however, it continues to defend this action pursuant to its agreement to indemnify Lexington.

the evidence in the light most favorable to the nonmoving party. *Tilley v. Delci*, 220 Ariz. 233, 236, ¶ 7 (App. 2009).

## I. The Trial Court's Application of Equitable Subrogation

**¶7** Equitable subrogation is "the substitution of another person in place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." *Sourcecorp, Inc. v. Norcutt*, 229 Ariz. 270, 272, ¶ 5 (2012) (quoting *Mosher v. Conway*, 45 Ariz. 463, 468 (1935)). It is an equitable remedy designed to prevent a person from "receiving an unearned windfall at the expense of another." *Id.* (quoting Restatement (Third) of Property § 7.6 cmt. A (1997) (Restatement)). On appeal, HACI contends the preference granted to mechanics' liens in A.R.S. § 33-992 leaves no room for equitable remedies, and the trial court erred in applying the doctrine.

**¶8** Mechanics' liens protect the rights of those who furnish labor and materials to improve another's property, and they are generally preferred over other liens. *Collins v. Stockwell*, 137 Ariz. 416, 418 (1983); *see also Wylie v. Douglas Lumber Co.*, 39 Ariz. 511, 515 (1932) ("We are . . . convinced that our Legislature intended that laborers and materialmen, who contribute of their labor and means to enhance the value of the property of another, should be jealously protected."). As a result, A.R.S. § 33-992.A provides that mechanics' liens "are preferred to all liens, mortgages or other encumbrances" attaching subsequent to the time labor was commenced or materials provided, subject to a narrow exception not applicable here. Nevertheless, our supreme court has held that A.R.S. § 33-992.A does not preclude equitable subrogation of a superior lien to a mechanics' lien because: (1) a superior lien attaches when recorded, (2) section 33-992.A only implicates liens arising after a mechanics' lien attaches, and (3) equitable subrogation over mechanics' liens is consistent with other provisions establishing a superior lien position for junior lienholders over a mechanics' lien when a junior lienholder discharges a superior lien. *Weitz Co. L.L.C.*, 235 Ariz. at 410, ¶¶ 15-18.

**¶9** With our supreme court having decided that equitable subrogation is not precluded by A.R.S. § 33-992.A, we now turn to whether the trial court correctly applied the doctrine in this case. Our supreme court has adopted the Restatement's approach as the test in Arizona for applying equitable subrogation. *Sourcecorp,* 229 Ariz. at 273, ¶¶ 8-12; *see also Lamb Excavation, Inc. v. Chase Manhattan Mortg. Corp.*, 208 Ariz. 478, 480-81, ¶¶ 6, 10-11 (App. 2004). As stated in *Sourcecorp*, the Restatement provides:

> [A] person who "fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment." Such equitable relief may be appropriate, for example, if the person seeking subrogation "expected to receive a security interest in the real estate with the priority of the mortgage being discharged."

229 Ariz. at 273, ¶ 10 (quoting Restatement § 7.6).

¶10        HACI argues that even if subrogation was proper, BMO was only entitled to the amount secured by the first priority deeds of trust on the Sir Mortgage Loans.  BMO counters that this argument is contrary to *Sourcecorp*'s reliance on a comment to the Restatement, which observes that "[o]rdinarily one who is entitled to subrogation is permitted to enforce both the mortgage and the secured obligation."  *Sourcecorp*, 229 Ariz. at 276, ¶ 28 (quoting Restatement § 7.6 cmt. a).

¶11        We reject BMO's assertion that *Sourcecorp*'s citation to the Restatement comment precludes HACI's argument.  Read in context, the *Sourcecorp* court quoted the comment as a general point of reference just before noting that the facts in *Sourcecorp* required a slightly different analysis.  Additionally, further inquiry into the Restatement's comments reveals that HACI's argument actually tracks more closely to the Restatement's explanation of equitable subrogation's effect.

¶12        Comment E of Restatement § 7.6 notes in relevant part:

> Subrogation will be recognized only if it will not materially prejudice the holders of intervening interests.  The most obvious illustration is that of a payor who lends the mortgagor more money than is necessary to discharge the preexisting mortgage.  The payor is subrogated only to the extent that the funds disbursed are actually applied toward payment of the prior lien.  There is no right of subrogation with respect to any excess funds.

This portion of comment E is directly applicable to this case.  Additionally, comment E observes that applying subrogation in this way is analogous to the Restatement doctrine of Replacement, in which a lender who makes a new loan to the same borrower "may be given the priority of the original mortgage."  This court has previously applied this doctrine and noted that the replacement mortgage receives priority only "up to the amount paid to release the senior lien."  *Brimet II, LLC v. Destiny Homes Marketing, LLC*, 231

Ariz. 457, 460, ¶ 14 (App. 2013) (citing *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Util., LLC*, 227 Ariz. 382, 388-89, ¶ 23 (App. 2011)).  In light of Comment E of Restatement § 7.6 and these cases, we conclude that subrogation is only available to the extent a later loan discharges an earlier one, and any excess funds included with a later loan may not be bootstrapped in priority over any possible intervening interest.

¶13      Here, BMO's construction loan amounts were considerably larger than the Sir Mortgage loan amounts.  To allow subrogation on the entire amount of BMO's loans would be unjust in light of HACI's mechanics' lien being properly secured before BMO's construction loans were made.  BMO is therefore entitled to subrogation only for the amount of their loans used by Owner to discharge the Sir Mortgage loans.

II.      Attorney Fees

¶14      Both parties request their attorney fees and costs on appeal pursuant to A.R.S. §§ 33-995, -998 and 12-341.01.  We deny BMO's request, but as the prevailing party, HACI is entitled to its reasonable costs and fees upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶15      We vacate summary judgment in BMO's favor and remand to the trial court for entry of judgment consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama